# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-31080
Summary Calendar

JONATHAN JAY PARKER

Plaintiff–Appellant

v.

BOARD OF SUPERVISORS UNIVERSITY OF
LOUISIANA–LAFAYETTE

Defendant–Appellee

Appeal from the United States District Court
for the Western District of Louisiana
No. 6:07–CV–1760

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff–appellant Jonathan Jay Parker appeals the district court's judgment denying his motion to transfer his case to a different district court judge and dismissing his claim brought under the Age Discrimination Act of 1975 (the "ADA"), 42 U.S.C. §§ 6101–6107, as barred by the applicable statute of limitations.  We AFFIRM in part, and VACATE and REMAND in part.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Jonathan Jay Parker first filed suit in district court on May 24, 2001, alleging in an August 17, 2001, amended complaint that the President of the University of Louisiana–Lafayette (the "University"), Ray Authement, and other named individuals affiliated with the University violated his rights under the ADA by telling him that, at thirty-one years old, he was too old to play football for the University. The district court dismissed his complaint with prejudice for failure to state a claim because, among other reasons, Parker failed to exhaust his administrative remedies as required by 42 U.S.C. § 6104(f) and 34 C.F.R. § 110.39.[1]

Parker did not appeal the decision in that first case. Rather, according to Parker and supported by an October 25, 2001, reference to a hearing conducted following the first case, he pursued his administrative remedies and may have filed suit in state court, although there is no record evidence of a state court case. The record shows that Parker received an undated correspondence from the U.S. Department of Education, Office for Civil Rights ("OCR"), informing him of their jurisdiction over his ADA complaint. The record also shows that on November 11, 2002, Authement signed the "Commitment to Resolve OCR Complaint # 06012082," on behalf of the University, promising OCR that it would implement reforms to comply with the ADA with respect to Parker specifically and within the University at large. No other correspondence from OCR appears in the record.

On October 25, 2007, Parker filed his complaint in the instant case against the Board of Supervisors, University of Louisiana–Lafayette ("Defendant"), seeking compensatory and punitive damages in the amount of

---

[1] The district court's order cites to 28 C.F.R. § 42.736(a), which essentially sets forth the same requirements for exhaustion, but as the U.S. Department of Education, Office for Civil Rights actually has jurisdiction over Parker's complaint, we will cite to the regulation promulgated by the U.S. Department of Education.

$7,000,000 and attorney's fees. The district court granted Parker's motion to proceed in forma pauperis on October 26, 2007. In his complaint, Parker pleaded that "the U.S. Department of Education had jurisdiction over plaintiff's complaint and did investigate and monitor the University for corrective action . . . ." Parker's second suit was transferred to the district court judge who had previously dismissed his first suit. The district court ordered Parker to file a memorandum explaining why his claim should not be barred by the applicable statute of limitations and suspended Defendant's obligation to file its answer pending further order. In response, Parker filed a memorandum arguing that his complaint in the second case should relate back to his complaint in the first case. Parker also filed a motion to transfer the case back to the district court judge who was originally assigned the second case.

Notwithstanding Parker's memorandum, the district court entered judgment on November 15, 2007, denying Parker's motion to transfer and dismissing his case with prejudice as barred by the applicable statute of limitations. Parker timely filed notice of appeal on December 5, 2007.

## II.

First, we review "denials of motions to recuse for abuse of discretion." Andrade v. Chojnacki, 338 F.3d 448, 454 (5th Cir. 2003). Parker's "Motion to Vacate or Rescind," liberally construed to request recusal of the district judge under either 28 U.S.C. § 144, as argued to this court in his brief on appeal, or 28 U.S.C. § 455, lacked merit. Parker failed to accompany his motion asserting bias with a "timely and sufficient affidavit" and a "certificate of counsel of record stating that it is made in good faith," even if signed by himself pro se, as required by § 144. 28 U.S.C. § 144; see Blum v. Gulf Oil Corp., 597 F.2d 936, 938 (5th Cir. 1979); United States v. Branch, 850 F.2d 1080, 1083 (5th Cir. 1988). Further, Parker did not state any specific basis for disqualification under § 455. See Blum, 597 F.2d at 938. Because "judicial rulings alone almost never

constitute a valid basis for a bias or partiality motion," Andrade, 338 F.3d at 455, and Parker provided no other source of bias or prejudice against him personally, or against pro se litigants in general, other than the district court judge's dismissal of his previous case, we cannot say that the district court judge abused his discretion by denying Parker's motion for recusal. See id. at 454.

Second, turning to Parker's ADA claim, we review the district court's sua sponte dismissal of a claim in forma pauperis as barred by the statute of limitations for abuse of discretion. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994). However, even though it was not raised in the district court or on appeal, "it is our duty to raise sua sponte the question of federal subject matter jurisdiction over this action." Christoff v. Bergeron Indus., Inc., 748 F.2d 297, 298 (5th Cir. 1984). It is unclear from the record on appeal whether the district court had jurisdiction to hear this case. Because the jurisdictional issue is a question antecedent to the statute of limitation ground on which the district court ruled, we vacate the district court's judgment and remand for consideration of the jurisdictional issue. See Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188–89 (5th Cir. 1986). Thus, we expressly decline to address the statute of limitations question at this juncture.

Under the ADA, in order for a district court to have jurisdiction over a civil action filed by a plaintiff to enforce rights created by that statute, the plaintiff must have exhausted available administrative remedies. See 42 U.S.C. § 6104(f); 34 C.F.R. § 110.39. The U.S. Department of Education regulation setting forth the exhaustion requirements under the ADA provides:

> (a) A complainant may file a civil action following the exhaustion of administrative remedies under the Act. Administrative remedies are exhausted if[:] (1) [o]ne hundred eighty days have elapsed since the complainant filed the complaint with [the U.S. Department of Education] and [the U.S. Department of Education] has made no finding with regard to the

complaint; or (2) [the U.S. Department of Education] issues any finding in favor of the recipient.[2]

(b) If [the U.S. Department of Education] fails to make a finding within 180 days or issues a finding in favor of the recipient, [the U.S. Department of Education] promptly[:] (1) [a]dvises the complainant of this fact; (2) [a]dvises the complainant of his or her right to bring a civil action for injunctive relief; and (3) [i]nforms the complainant [ ] (i) [t]hat a civil action can be brought only in a United States district court in which the recipient is found or transacts business . . . .

34 C.F.R. § 110.39 (emphasis added). In addition, before filing suit, the complainant must give thirty days notice by registered mail to various parties, including the Secretary of Education and the University, stating "the alleged violation of the [ADA], the relief requested, the court in which the action wil be brought, and whether or not attorney's fees are demanded . . . ." Id. at § 110.39 (b)(3)(iii)&(iv).

In essence, to support the district court's jurisdiction under the ADA: (1) Parker must have filed an age discrimination complaint with OCR; (2) either 180 days must have elapsed with no finding, or OCR must have issued a finding in favor of the University; (3) OCR subsequently must have notified Parker of his right to file suit in federal court for injunctive relief;[3] and (4) Parker must have given the proper notice by registered mail. See id. In his complaint to the district court, Parker alleged that he "exhausted all administrative remedies," but he also expressly stated that "the U.S. Department of Education . . . did

---

[2] "Recipient means any . . . institution . . . or other entity . . . to which Federal financial assistance from [the U.S. Department of Education] is extended . . . ." 34 C.F.R. § 110.3. Here, the recipient is the University.

[3] We note that although in his complaint Parker sought punitive and compensatory damages in the amount of $7,000,000, in addition to costs and attorney's fees, under the ADA, only injunctive relief and costs of the action, including reasonable attorney's fees, would be available to him. 34 C.F.R. § 110.39(b).

investigate and monitor the University for corrective action in plaintiff's complaint," a fact he reiterated in his brief on appeal to this court. Evidence in the record—specifically the University's "Commitment to Resolve OCR Complaint #06012082," combined with the conspicuous absence of any notification from OCR informing Parker that he may file suit in federal district court—supports the allegation in the complaint giving rise to this case that OCR "had jurisdiction over [his] complaint and did investigate and monitor the University for corrective action." However, it is unclear from the record whether OCR in fact issued any findings in favor of the University or advised Parker of his right to bring a civil action in the event that it did issue such findings. Further, even if OCR did so notify Parker, it is unclear whether Parker gave the proper notice required by the ADA.

Therefore, we question whether the district court had jurisdiction to hear this case because the record on appeal is sparse with respect to OCR's findings in response to Parker's age discrimination complaint and Parker's subsequent actions based on those findings.

III.

Consequently, we AFFIRM the district court's denial of Parker's motion for recusal, but VACATE the remainder of the judgment and REMAND for further consideration consistent with this opinion. Parker shall bear the costs of this appeal.