# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 08-30565
Summary Calendar

JONATHAN JAY PARKER

Plaintiff - Appellant

V.

BOARD OF SUPERVISORS UNIVERSITY OF LOUISIANA - LAFAYETTE

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana, Lafayette
USDC No. 6:07-CV-1760

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jonathan Jay Parker appeals the district court's judgment dismissing his age discrimination suit. He alleges that the defendant university discriminated against him based on his age when it barred him from trying out for its football team. Because Parker failed to provide the statutorily required notice for such a suit, the district court dismissed his claim. For the reasons that follow, we affirm the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Earlier this year, we considered a related issue in Parker's same age discrimination suit, in which he seeks compensatory and punitive damages totaling $7,000,000. Parker v. Bd. of Supervisors Univ. of Louisiana-Lafayette, 270 F. App'x 314 (5th Cir. 2008). There, we described in detail the facts giving rise to Parker's suit.[1] Here, we briefly restate the basis for Parker's claim before laying out the currently relevant facts.

In 2001 and at the age of thirty-one, Parker attempted to try out for the University of Louisiana-Lafayette's (the "University") football team, but the coach allegedly told Parker that he was too old for the ranks of the Ragin' Cajuns. Parker then filed an age discrimination claim, which the district court dismissed for failure to exhaust administrative remedies. His subsequent pursuit of administrative remedies resulted in the University's then-president, Ray Authement, signing a Commitment to Resolve the claim (the "CTR") that was negotiated with the United States Department of Education, Office for Civil Rights ("OCR").

Six years later and proceeding pro se, Parker refiled his age discrimination complaint, which the district court dismissed as barred by the applicable statute of limitations. Because the record did not reveal any facts following the signing of the CTR, we remanded the case for the district court to determine if Parker satisfied the statutory requirements to bring such a suit, including exhausting administrative remedies and providing notice to the proper individuals. Id. at 316, 318; see 42 U.S.C. § 6104(e)–(f); 34 C.F.R. § 110.39.

In attempting to demonstrate that he met the statute's prerequisites, Parker submitted to the district court an explanatory memorandum with

---

[1] We also noted that, although Parker seeks $7,000,000, he may only be entitled to attorney's fees and the costs of bringing this ADA action. Id. at 318 n.3 (citing 34 C.F.R. § 110.39(b)).

attached exhibits. The exhibits included: (1) an October 9, 2001 letter from OCR stating that "OCR has determined that the discrimination complaint is complete and that OCR has jurisdiction"; (2) a July 2, 2004 letter from OCR informing Parker that "the University has successfully completed all action items committed to in the [CTR]," including writing two "invitations for [Parker] to try out for its football team"; (3) an April 4, 2001 letter from Parker to President Authement describing the alleged incident of age discrimination and indicating that Parker planned to file suit in federal court; (4) a September 4, 2001 letter from Parker to a regional director of OCR requesting OCR's investigation into the University's alleged discrimination and stating that Parker "sent a copy of all paper work to the U.S. Attorney General and the U.S. Secretary of Health and Human Services"; and (5) a March 2, 2001 letter from Parker to the University informing the University of Parker's intent to file an age discrimination suit.

Based on these letters, the district court concluded that Parker failed to meet the statute's presuit requirements and dismissed his suit for lack of jurisdiction. The court held that although the letters were sufficient to demonstrate that Parker exhausted his administrative remedies, they were insufficient to satisfy the statute's notice requirements. First, the district court noted that the letters were not sent by registered mail and that they did not "specifically set forth the relief requested or whether attorneys' fees will be sought." And second, the district court held that Parker did not provide evidence demonstrating that he sent notice to the Attorney General of the United States and to the Secretary of Health and Human Services. Parker timely filed notice of appeal. In it, he asserts that the doctrine of primary jurisdiction applies and he prays that we vacate and remand with instructions to dismiss without prejudice.

## II. DISCUSSION

We review a dismissal for lack of jurisdiction de novo.  Hager v. Nationsbank N.A., 167 F.3d 245, 247 (5th Cir. 1999).

In order to bring an age discrimination claim against a recipient of federal financial assistance, such as the University, a plaintiff must satisfy two requirements.  First, the plaintiff must exhaust administrative remedies.  42 U.S.C. § 6104(f); 34 C.F.R. § 110.39(a).  Second, the plaintiff "shall give notice by registered mail not less than 30 days prior to the commencement of that action to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed."  42 U.S.C. § 6104(e)(1); see also 34 C.F.R. § 110.39(b)(3)(iii) ("[T]he complainant shall give 30 days notice by registered mail to the Secretary [of the Department of Education], the Secretary of Health and Human Services, the Attorney General of the United States, and the recipient [of federal financial assistance] . . . .").

To exhaust his administrative remedies, Parker must have filed a complaint with OCR, and OCR must have either (1) made no finding within 180 days of that filing or (2) made a finding in favor of the University.  See 34 C.F.R. § 110.39(a)(1)–(2).  Based on the letters submitted by Parker, we agree with the district court's conclusion that Parker did exhaust his remedies.  He filed a complaint with OCR, and as a result OCR entered into the CTR with the University.  Further, OCR informed Parker that the University satisfied all of the CTR's provisions and that OCR "consider[ed] this complaint closed." Although the record does not contain a letter from OCR notifying Parker of his right to sue, he alleges that OCR verbally informed him of his right and pointed him toward 34 C.F.R. § 110.39 for information regarding his right.[2]  Given that Parker's complaint resulted in the University's instituting various policies in

---

[2] As the district court noted, nothing in 34 C.F.R. § 110.39 requires that the notice of a claimant's right to sue be in writing.  See 34 C.F.R. § 110.39(b)(2) (requiring that the Department of Education promptly "advise[] the complainant of his or her right to bring a civil action for injunctive relief").

conformance with the CTR, there is now little question that he exhausted his administrative remedies.

However, the record does not contain facts sufficient to show that Parker provided adequate notice of his intention to file suit. According to 42 U.S.C. § 6104(e)(1), 30 days' notice must be sent by registered mail to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed. Notice must also be sent to OCR, as required by 34 C.F.R. § 110.39(b)(3)(iii). The statute and regulation additionally require that the notice "shall state the nature of the alleged violation, the relief requested, the court in which the action will be brought, and whether or not attorney's fees are being demanded." 42 U.S.C. § 6104(e)(2); see also 34 C.F.R. § 110.39(b)(3)(iv). The district court held that Parker's letters to the University and to OCR failed to meet these requirements because they were not sent by registered mail and they did not set forth the relief requested. Further, the court held that Parker's unsupported allegation that he sent notice to the Attorney General and the Secretary of Health and Human Services, found in his September 4, 2001 letter to OCR, failed to demonstrate that Parker in fact sent notice to such parties. It then concluded that it lacked jurisdiction over Parker's claim.

Again, we agree with the district court insofar as it concluded Parker did not send sufficient notice to all proper parties; however, we need not go so far as to characterize this necessary notice as a jurisdictional requirement. Parker's April 4, 2001 letter to Ray Authement may have been adequate notice for the University: it describes the alleged violation; it states that Parker will file suit in federal court; it seeks a "remedy [to] the discriminatory practices of the University"; and it was, according to Parker, hand-delivered to Mr. Authement's

office.[3] However, his September 4, 2001 letter to OCR was insufficient notice as required by statute. The letter does not notify the agency of Parker's intent to file suit; instead, it describes Parker's earlier, unsuccessful suit that was dismissed for failure to exhaust administrative remedies and states that Parker "will appeal [that] decision." And finally, Parker relies on this letter to establish that he sent proper notice to the Attorney General and the Secretary of Health and Human Services. The letter states that he "also sent a copy of all paper work to the U.S. Attorney General and the U.S. Secretary of Health and Human Services," and the record contains no other evidence that such notice was sent. The letter on which Parker relies is, of course, unsworn and is not competent summary judgment evidence. It amounts to no more than an unsubstantiated assertion. See Grimes v. Tex. Dep't of Mental Health & Mental Retardation, 102 F.3d 137, 139 (5th Cir. 1996) ("Needless to say, unsubstantiated assertions are not competent summary judgment evidence."). Accordingly, we must conclude that Parker did not properly notify the Attorney General or the Secretary of Health and Human Services. Thus, he failed to meet the statutory requirements to filing his age discrimination claim.

To reach this conclusion, we are not required to determine whether 42 U.S.C. § 6104(e)(1)–(2)'s required notice is a jurisdictional requirement or a prerequisite to suit. Cf. Pacheco v. Mineta, 448 F.3d 787, 788 n.7 (5th Cir. 2006) (describing the conflict in Title VII cases regarding whether exhaustion of administrative remedies is a jurisdictional requirement or a prerequisite to suit, with the former barring any further judicial review and the latter permitting

---

[3] We assume without deciding that this letter was, in fact, sufficient notice to the University. Indeed, this letter might be considered inadequate notice for various reasons: it does not specify which federal court Parker intended to file suit in; it did not indicate that "remedy[ing] the discriminatory practices of the University" was the specific goal of the threatened litigation; and it was not sent by registered mail.

equitable considerations).  In either case, Parker has failed to demonstrate that he met, or attempted to meet, the statute's requirements.

And finally, Parker's contention that the doctrine of primary jurisdiction applies is unpersuasive.  That doctrine arises when properly adjudicating a claim in federal court involves "some issue within the special competence of an administrative agency," and the doctrine requires the court to "enable a 'referral' to the agency" so that the parties may seek an administrative ruling on the issue.  Reiter v. Cooper, 507 U.S. 258, 268 (1993).  Primary jurisdiction is inapplicable here, where the sole issue is whether Parker satisfied the statutory requirements to bringing his suit in federal court.

## III.  CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.