# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41115

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2016

Lyle W. Cayce
Clerk

NORIS ROGERS,

> Plaintiff–Appellant,

v.

PEARLAND INDEPENDENT SCHOOL DISTRICT,

> Defendant–Appellee.

———————————

Appeal from the United States District Court
for the Southern District of Texas

———————————

Before OWEN, GRAVES, and HIGGINSON, Circuit Judges.

OWEN, Circuit Judge:

After twice applying, and being rejected, for employment as a master electrician with the Pearland Independent School District (the School District), Noris Rogers brought suit under Title VII of the Civil Rights Act of 1964 claiming discrimination on the basis of race. The district court granted summary judgment in favor of the School District based on Rogers's failure to set forth a prima facie case of discrimination under either the disparate impact theory or the disparate treatment theory of discrimination. We affirm.

**I**

Rogers, an African-American male, applied for employment as a master electrician with the School District on two occasions in 2011. The first time he

applied, Rogers completed a web-based application that included a consent to allow the School District to perform a criminal history background check. On the application, Rogers responded "No" to all questions regarding criminal history, including whether he had ever been convicted of or pled guilty to a criminal offense. He then answered in the affirmative to the following certification statement:

> I HEREBY CERTIFY THAT ALL INFORMATION PROVIDED IN THIS AUTHORIZATION IS TRUE, CORRECT AND COMPLETE. I UNDERSTAND THAT IF ANY INFORMATION PROVES TO BE INCORRECT OR INCOMPLETE THAT GROUNDS FOR THE CANCELING OF ANY AND ALL OFFERS OF EMPLOYMENT . . . WILL EXIST AND MAY BE USED AT THE DISCRETION OF THE EMPLOYER.

After Rogers submitted his application, the School District conducted a criminal history background check, which indicated that Rogers had prior felony convictions that he had failed to disclose. Rogers met with Robert L. Crager, the School District's Executive Director of Human Resource Services, to discuss the results of the criminal background check. The parties dispute exactly what transpired during that conversation; the School District has offered a declaration from Crager stating that he confronted Rogers about the incorrect information on the application, while Rogers appears to contend that only the fact of his criminal history, and not the misrepresentation on his application, was discussed. In any event, it is undisputed that Rogers became angry during the meeting, raised his voice, and was ultimately asked to leave by Crager. Rogers did not offer any explanation for failing to disclose his convictions, other than to state that he had paid his debt to society.

The School District hired 46-year-old Rodney Taylor—like Rogers, an African-American male—for the position. Within months of accepting the job, Taylor left the School District's employ and the master electrician position was vacant a second time. Rogers applied again, this time disclosing his criminal

history.  However, the School District informed Rogers that his lack of candor on the first application, along with the seriousness of his criminal history, rendered him ineligible for employment with the School District.  In a letter responding to an inquiry from Rogers as to why the School District considered him ineligible for the position, Rogers was told "[a]lthough you disclosed your criminal history in your second application, due to your failure to provide truthful information in your first application and the serious nature of the offenses reported on your criminal history, the District rendered you ineligible for employment."  The School District subsequently filled the vacancy with another African-American male who was 54 years old.  After exhausting his administrative remedies, Rogers filed this suit, claiming that his second rejection for the master electrician position violated Title VII of the Civil Rights Act of 1964.[1]

The School District and Rogers filed cross-motions for summary judgment.  The district court interpreted Rogers's complaint and summary judgment motion as alleging both disparate treatment and disparate impact discrimination.[2]  With respect to disparate treatment, the district court concluded that Rogers had failed to set forth a prima facie case, or alternatively, to demonstrate a genuine issue of material fact regarding whether the School District's proffered basis for denying his application was pretextual.  With respect to the disparate impact claim, the district court held that Rogers had failed to establish a prima facie case.  Additionally, the district court denied Rogers's motion to strike certain evidence offered by the School

---

[1] 42 U.S.C. § 2000e-2.

[2] All references to the district court decision are to the Report and Recommendation of Magistrate Judge Froeschner, which Judge Costa, sitting by designation, adopted with minimal elaboration.

No. 14-41115

District in connection with its motion for summary judgment. Rogers appealed.

## II

We review a district court's grant or denial of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party and applying the same standard as the district court.[3] Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4]

## III

We note at the outset that Rogers argues, at least in his statement of issues, that the district court erred by overruling his objections and motion to strike certain documentary evidence. The only argument he offers regarding this decision is that the evidence contains "[v]ariations, [d]iscrepancies, and [c]ontradictions." He does not provide any legal basis for excluding the evidence; the fact that evidence may contain discrepancies does not make it inadmissible. We see no reason to disturb the district court's wide discretion on this issue, and conclude that the district court did not err in denying the motion to strike.[5]

We therefore turn to the merits of Rogers's Title VII claims. While Rogers's summary judgment motion in the district court pressed both disparate treatment and disparate impact theories of Title VII liability, contentions under the latter theory are absent from his appellate brief with the exception of an introductory sentence in the brief's "Statement of the Case"

---

[3] *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 856 (5th Cir. 2014).

[4] FED. R. CIV. P. 56(a).

[5] *See United States v. Williams*, 620 F.3d 483, 488-89 (5th Cir. 2010).

4

section indicating that the case was brought "under both theories of discrimination[:] disparate treatment and disparate impact." Although we must liberally construe Rogers's brief, this lone, stray sentence—without any development, and lacking corresponding reference in Rogers's "Statement of the Issues" section or elsewhere—is insufficient to preserve his disparate impact contention.[6] Rogers is deemed to have abandoned the disparate impact claim.

Even had he adequately briefed the claim, Rogers failed to establish a prima facie case for disparate impact. Rogers must show that the School District had a facially neutral policy that had a disparate impact on a group of individuals protected under Title VII.[7] Rogers argues that the School District maintains a policy of "excluding from consideration for employment all persons who have been convicted of a felony." However, there is no evidence that the School District has such a policy. Instead, the record reflects that a felony conviction, while adverse to an application, is "not an automatic bar to employment." In addition, the record shows that the School District follows procedures that require the opportunity for an in-person meeting with any applicant to discuss the applicant's criminal history. The record also shows that the School District recently hired several employees who had felony and misdemeanor convictions. Rogers does not offer any evidence that the School District enforced a policy to exclude from employment all persons who had been convicted of a felony.

---

[6] *See, e.g.*, *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved."); *see also Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007) ("This court will not raise and discuss legal issues that [Appellant] has failed to assert.").

[7] 42 U.S.C. § 2000e-(2)(k); *Pacheco v. Mineta*, 448 F.3d 783, 791 (5th Cir. 2006).

No. 14-41115

The School District urges us not to reach the merits of Rogers's disparate treatment claim, arguing that his complaint focused solely on disparate impact and noting that Rogers raised disparate treatment for the first time during summary judgment briefing. However, because Rogers raised his disparate treatment assertion early enough for the School District to respond, and for the district court to rule on its merits, the disparate treatment issue is properly before us.[8]

With respect to this theory of liability, Rogers contends that issues of fact preclude summary judgment in the School District's favor under either the *McDonnell Douglas* burden-shifting framework or the "pattern-or-practice" method of proving discrimination. However, he did not raise allegations of pattern-or-practice liability—which is not a separate cause of action, but simply one method of proving Title VII discrimination[9]—in the district court, either in the original complaint or in his summary judgment briefing. Accordingly, we do not address these allegations,[10] except to note that the pattern-or-practice method of proving discrimination is unavailable in a private, non-class action, such that Rogers's failure to bring this case as a class action or seek certification would also defeat his claim.[11]

---

[8] *See Foster Wheeler Energy Corp. v. An Ning Jiang MV*, 383 F.3d 349, 353 n.6 (5th Cir. 2004).

[9] *See Celestine v. Petroleos de Venezuela SA*, 266 F.3d 343, 355 (5th Cir. 2001), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).

[10] *See Vogel v. Veneman*, 276 F.3d 729, 733 (5th Cir. 2002) ("Except in cases of 'extraordinary circumstances,' we do not consider issues raised for the first time on appeal." (quoting *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 916 (5th Cir. 1996)); *see also Gilley v. Protective Life Ins. Co.*, 17 F.3d 775, 781 n.13 (5th Cir. 1994) ("We have held that an argument is waived if the party fails to make the argument in response to summary judgment." (citation omitted)).

[11] *See Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003).

No. 14-41115

The framework for proving Title VII claims—the *McDonnell Douglas* three step, burden-shifting approach—is a familiar one.[12]  Under *McDonnell Douglas*, a Title VII plaintiff must first set forth a prima facie case of race-based discrimination.[13]  "Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee."[14]  If the plaintiff successfully establishes a prima facie case, the burden of production shifts to the employer "to articulate some legitimate, nondiscriminatory reason for the employee's rejection,"[15] which "must be legally sufficient to justify a judgment for the defendant."[16]  If the employer satisfies this burden, "the presumption of discrimination 'drops out of the picture,'"[17] and the employee must offer some evidence that the reason proffered was a pretext for discrimination,[18] or that a "motivating factor" for the employment decision was the plaintiff's protected characteristic.[19]

In order to establish a prima facie case of discrimination under Title VII, Rogers must demonstrate that (1) he belongs to a protected class; (2) he applied

---

[12] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-804 (1973).

[13] *Id.* at 802.

[14] *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981).

[15] *McDonnell Douglas*, 411 U.S. at 802; *see also Burdine*, 450 U.S. at 255 ("The defendant need not persuade the court that it was actually motivated by the proffered reasons.  It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." (citation omitted)).

[16] *Burdine*, 450 U.S. at 255.

[17] *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993)).

[18] *McDonnell Douglas*, 411 U.S. at 804; *see also Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1185 (5th Cir. 1997) ("To satisfy the statutory burden, the plaintiff must offer *some* evidence, whether direct or circumstantial, that permits the jury to infer that the proffered explanation was a pretext for illegal discrimination." (emphasis in original)).

[19] *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007); *see also Manley v. Invesco*, 555 F. App'x 344, 348 (5th Cir.), *cert. denied*, 135 S. Ct. 335 (2014) ("Persons with criminal records are not a protected class under Title VII . . . .").

for the position of master electrician, and was qualified for the job; (3) he was not hired; and (4) the School District hired someone outside of his protected class or otherwise treated him less favorably than others similarly situated outside of his protected class.[20]

Rogers has failed to establish the fourth prong of the prima facie case. We first note that each of the two times Rogers was rejected by the School District, an African-American male was hired for the position he sought, so he cannot establish a prima facie case by showing that someone outside his protected class was hired instead of him.[21]  Rogers argues, however, that a similarly situated person outside his protected class was treated more favorably than him.  Specifically, he directs our attention to a white male named Russell Leon Alvis who was hired by the School District to fill a position materially similar to that sought by Rogers despite failing to disclose a drug-related conviction on his 2010 job application.  Alvis's criminal history abstract indicates that he was arrested in 1980 and convicted of "delivery of marijuana," for which adjudication was deferred and he received 10 years of probation.

The School District has maintained that Alvis's 1980 conviction was for a misdemeanor.  Rogers disputed that fact in the district court, asserting that like himself, Alvis had been convicted of a felony and failed to disclose it.  In his briefing in this court, Rogers does not take issue with the School District's continued assertion that Alvis's conviction was for a misdemeanor offense.  The

---

[20] *See, e.g.*, *Blow v. City of San Antonio*, 236 F.3d 293, 296 (5th Cir. 2001); *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005); *see also Burdine*, 450 U.S. at 253 ("The plaintiff must prove by a preponderance of the evidence that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination.").

[21] *See, e.g.*, *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405-06 (5th Cir. 2005) (holding that plaintiff did not establish prima facie claim for discrimination where white terminated employee was replaced by white employee).

notation on Alvis's criminal history does not specify whether his conviction was for a misdemeanor or a felony. Our independent research indicates that under Texas law at the time of Alvis's conviction (1980), delivery of marijuana could be either a felony or a misdemeanor depending on the amount of marijuana delivered and whether the defendant received remuneration,[22] but that a sentence of ten years of probation would have been impermissible for the misdemeanor version of the offense.[23] It therefore appears that the 1980 conviction Alvis failed to disclose was for a felony and not a misdemeanor.

However, even if Alvis was convicted of a felony rather than a misdemeanor, he is not a comparator for purposes of Rogers's prima facie case. A felony conviction is not an automatic bar to employment under the School District's employment policies.[24] Rather, the School District considers the seriousness of the applicant's criminal record. In order for a Title VII plaintiff to establish his prima facie case through the use of a "similarly situated comparator," he must establish that the comparator was treated more favorably than the plaintiff under "nearly identical circumstances."[25]

---

[22] *See* Acts of 1973, 63rd Leg. R.S., ch. 429, § 4.05(d)-(f), 1973 Tex. Gen. Laws 1154 (current version at Tex. Health & Safety Code Ann. § 481.120) (indicating that delivery of marijuana was felony in the third degree unless actor delivers one-quarter ounce or less without receiving remuneration, in which case it is a class B misdemeanor).

[23] *Compare* Tex. Code of Crim. Proc. Ann. Art. 42.13, § 3 (1979) (repealed by Acts 1995, 74th Leg., ch. 76, § 7.10, eff. Sept. 1, 1995) (limiting period of probation to maximum period of imprisonment applicable for the offense), *and Pedraza v. State*, 562 S.W.2d 259, 259-60 (Tex. Crim. App. 1978) (explaining that under scheme applicable at the time, period of probation could not exceed maximum term of confinement allowable for offense of conviction), *with* Acts of 1973, 63rd Leg. R.S., ch. 399, § 12.22, 1973 Tex. Gen. Laws 907, *codified at* Tex. Penal Code Ann. § 12.22 (imposing maximum sentence of 180 days imprisonment for class B misdemeanors), *and Ex parte Gutierrez*, 600 S.W.2d 933, 934 (Tex. Crim. App. 1980) (noting 180 day maximum).

[24] *But see* Tex. Educ. Code Ann. § 22.085 (barring those convicted of certain specified felonies from employment).

[25] *See, e.g., Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009).

No. 14-41115

Alvis's criminal history was not comparable to that of Rogers.  Alvis was convicted in 1980 of delivery of marijuana and sentenced to 10 years of probation, and there is no suggestion in the record that he was ever convicted of another crime.  In contrast, although the records are not entirely clear, it is apparent from the record that Rogers was convicted of at least three drug crimes and crimes for which Rogers received a much more severe sentence than 10 years of probation.  He was convicted of possession in 1983, for which he received a sentence of 10 years of probation.  He was subsequently arrested on two different dates in 1984 on charges, respectively, of possession of a controlled substance and sale of heroin.  He was sentenced to 10 years in prison as a result of these incidents, and it appears that there were two, concurrent 10-year sentences imposed.  Even had he received only a single 10-year sentence for a single offense in 1984, the seriousness of Rogers's and Alvis's respective criminal records are not comparable, and accordingly, their failure to disclose their convictions is also not comparable.  Alvis was not treated more favorably than Rogers under circumstances that were "nearly identical" to those of Rogers[26] and is therefore not a legitimate comparator for purposes of Rogers's prima facie case.

Rogers has failed to establish a prima facie case, and the district court properly granted summary judgment.

\*         \*         \*

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[26] *Id.*

10

No. 14-41115

JAMES E. GRAVES, Jr., Circuit Judge, concurring in part and dissenting in part.

While I agree with much of the majority opinion, I disagree with its conclusion that Rogers' failed to establish a prima facie case of disparate treatment discrimination under Title VII because Russell Leon Alvis is not a valid comparator. The majority's application of the "nearly identical circumstances" test to establish a "similarly situated comparator" under the *McDonnell-Douglas* framework is so strenuous that it effectively immunizes employers from disparate treatment claims unless the plaintiff is able to show that he shares identical traits with the alleged comparator. Therefore, I respectfully dissent.

I.

The majority concludes that Alvis is not a valid comparator because Alvis's failure to disclose his past criminal history was not "nearly identical" to that of Rogers. I disagree. To be a valid comparator under the fourth prong of the *McDonnell-Douglas* framework, a Title VII plaintiff must show that the "employment actions at issue were taken 'under nearly identical circumstances.'" *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (quoting *Little v. Republic Ref. Co., Ltd.*, 924 F.2d 93, 97 (5th Cir. 1991)). Critically, this inquiry focuses on the *action* that caused the employment decision, and whether that action elicited the same or a different response from the employer with the alleged comparator. *Perez v. Tex. Dep't of Criminal Justice*, 395 F.3d 206, 213 (5th Cir. 2004). "Nearly identical," however, is not the same as identical. *Lee*, 574 F.3d at 260. Rather, at this part of the analysis, we look for material similarity between the actions and the employer's response.

No. 14-41115

The action leading to the decision not to hire was Rogers' failure to disclose his past criminal history, not the criminal history itself. In fact, the school district admits that its policies permit hiring of those with past felony convictions, and the school district has done so in the past. Therefore, the question before us is whether Alvis's failure to disclose his past criminal history is nearly identical to Rogers' failure to disclose his past criminal history. I conclude that it is.

Alvis, a white male, is an HVAC technician for the school district, meets all employment qualifications for the position that he holds, has a past felony drug conviction, failed to disclose the past felony drug conviction when applying for employment with the school district, and the school district had knowledge of his failure to disclose, yet hired him anyway. Rogers, a black male, applied to be an electrician for the school district, meets all qualifications required for the position, has past felony drug convictions, failed to disclose the past felony drug convictions when applying for employment with the district, and the school district discovered during the application process that he failed to disclose his criminal history, yet did not hire him. The majority opinion's only justification for concluding that Alvis is not a valid comparator is that Alvis appears to have one past felony drug conviction while Rogers has three. This conclusion disregards every other shared circumstance between Rogers and the alleged comparator. Rejecting Alvis as a similarly situated comparator because of a single difference between Rogers' and Alvis's past criminal histories conflicts with *Perez*'s mandate that "nearly identical circumstances" need not be "identical."[1]

---

[1] It is also important to recognize that concluding that Alvis is a valid comparator at this stage of the case does not conclusively determine that the school district unlawfully treated them differently under the circumstances. Rather, doing so only determines that Rogers has stated a prima facie case for discrimination and is allowed to proceed to trial.

No. 14-41115

Based on these facts, there is no doubt that Rogers and Alvis are similarly situated employees that were treated differently following the nearly identical circumstances of failing to disclose past felony drug convictions. This, coupled with other evidence showing hostility towards Rogers, is sufficient to create an inference of discrimination and allow Rogers' claims to proceed to trial. Thus, I would reverse the district court and conclude that Rogers' has established a prima facie case of disparate treatment discrimination according to Title VII.