# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-51092
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2017

Lyle W. Cayce
Clerk

DAVID W. STANDLEY,

> Plaintiff - Appellant

v.

MICHAEL S. ROGERS, United States Director of National Security Agency,

> Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-977

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

David W. Standley, a former employee of the National Security Agency ("NSA"), brought claims under Title VII for race-based discrimination, retaliation, and hostile work environment against Michael Rogers, Director of the NSA. The district court granted summary judgment to Rogers and against Standley on all claims. Standley appeals the district court's judgment as to his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51092

race-based discrimination and retaliation claims.[1] We AFFIRM the judgment of the district court.

We review *de novo* a district court's decision to grant a motion for summary judgment, "applying the same standard as the district court." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 407 (5th Cir. 2015). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The evidence must be viewed "in the light most favorable to the nonmoving party." *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

In the absence of direct evidence of discrimination or retaliation, Title VII claims are analyzed under the three-step *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973); *Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702, 705–06 (5th Cir. 2016). The plaintiff must first show a *prima facie* case of race-based discrimination or retaliation. *McDonnell Douglas*, 411 U.S. at 802. If the plaintiff establishes a *prima facie* case of race-based discrimination or retaliation, the burden of production then shifts to the employer to state a legitimate, nondiscriminatory or non-retaliatory reason for the employment action at issue. *See id.*; *Royal*, 736 F.3d at 400. If the employer meets its burden, the burden then shifts back to the plaintiff to offer evidence that the employer's stated reason was only pretext for discrimination or retaliation. *See Rogers v. Pearland Indep. Sch. Dist.*, 827 F.3d 403, 408 (5th Cir. 2016) (citing *McDonnell Douglas*, 411 U.S. at 804); *Royal*, 736 F.3d at 400.

---

[1] Because Standley failed to brief any argument regarding the district court's grant of summary judgment as to his hostile work environment claim, he waived his appeal as to that claim. *See Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013).

No. 16-51092

A plaintiff establishes a *prima facie* case of race-based discrimination if he demonstrates that he "(1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside of the protected class, or, in the case of disparate treatment, shows that other similarly situated employees were treated more favorably." *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004). The district court held that Standley failed to establish a *prima facie* case of race-based discrimination because he did not present evidence of the fourth element—that a similarly-situated employee was treated more favorably. Standley concedes that he did not present evidence of a similarly-situated employee under this circuit's standard. He instead argues that this court "should modify its current position" regarding the similarly-situated standard. This argument is foreclosed by Fifth Circuit precedent.[2] The district court correctly granted summary judgment to Rogers on Standley's claim for race-based discrimination.

A plaintiff establishes a *prima facie* case of retaliation if he demonstrates: "(1) []he engaged in protected activity; (2) the employer took a materially adverse action again h[im]; and (3) a causal link exists between h[is] protected activity and the adverse action." *Wheat*, 811 F.3d at 705. The district court held that Standley failed to establish a *prima facie* case of retaliation because he did not present a genuine issue of material fact as to the third element—that there was a causal nexus between his protected activity and the NSA's adverse employment actions. "[T]o satisfy the 'causal link' requirement of a Title VII retaliation claim, the employee must provide substantial evidence

---

[2] "It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law. . . ." *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). Standley does not argue that there was an intervening change in the law.

No. 16-51092

that 'but for' exercising protected rights, []he would not have been discharged." *Id.* (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013)). The district court properly determined that Standley's subjective beliefs and speculation about the reasons for the NSA's adverse employment actions did not create a genuine issue of material fact as to but-for causation. The district court correctly granted summary judgment to Rogers on Standley's claim for retaliation.

We AFFIRM the judgment of the district court.