# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30121

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2019

Lyle W. Cayce
Clerk

DR. GAY M. STORY,

Plaintiff - Appellant

v.

OUR LADY OF THE LAKE PHYSICIAN GROUP,

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CV-651

Before HIGGINBOTHAM, DENNIS, and HO, Circuit Judges.

PER CURIAM:*

Dr. Gay Story sued her former employer, Our Lady of the Lake Physician Group (OLOL), claiming that she was fired based on her age, race, and sex, and in retaliation for complaining about discrimination. The district court dismissed Dr. Story's retaliation claim for failure to state a claim under Rule 12(b)(6) and granted summary judgment in favor of OLOL on her discrimination claims. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30121

To state a plausible retaliation claim, Dr. Story must plead sufficient facts on all the elements of her claim—that "(1) [s]he engaged in protected activity, as described in Title VII; (2) [s]he suffered an adverse employment action; and (3) a causal nexus exists between the protected activity and the adverse employment action." *Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001); *see Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 470 (5th Cir. 2016). The district court found that "the allegations in the Amended Complaint do not plausibly permit an inference that [Dr. Story's] termination would not have occurred in the absence of her protected activity." We agree. Dr. Story was informed that OLOL intended to terminate her employment on November 14. She filed her appeal letter raising allegations of unlawful discrimination—the alleged protected activity in her retaliation claim—on November 15. Dr. Story could not have been fired in retaliation for protected activity that had not yet occurred. *See Chhim*, 836 F.3d at 472.[1]

As for her discrimination claims based on age, sex, and race,[2] the district court found that OLOL articulated a legitimate, nondiscriminatory reason for

---

[1] That Dr. Story did not receive the formal letter terminating her employment until November 22 does not alter this analysis. In analyzing the causation prong of a retaliation claim, the relevant time period is when the adverse employment decision was made, not when it was formally memorialized. *See Chhim*, 836 F.3d at 471-72. Here, the adverse employment decision was made no later than November 14, when OLOL informed Dr. Story that it intended to terminate her employment.

[2] Dr. Story brought discrimination claims based on sex and race under Title VII, 42 U.S.C. § 1981, and the Louisiana Employment Discrimination Law (LEDL), all of which may be analyzed under the Title VII framework. *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) ("The analysis of discrimination claims under § 1981 is identical to the analysis of Title VII claims."); *La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 477 (5th Cir. 2002) (analyzing LEDL and Title VII claims together using Title VII analysis because the LEDL and Title VII are "substantively similar"). The burden-shifting framework described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies to the above claims, *see Rogers v. Pearland Indep. Sch. Dist.*, 827 F.3d 403, 407-08 (5th Cir. 2016), as well as Dr. Story's age discrimination claim brought under the Age Discrimination in Employment Act (ADEA), *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010). We analyze all of Dr. Story's claims together because they all fail for the same reason—failure to

No. 19-30121

Dr. Story's firing—her conduct at a meeting on November 11—and "Dr. Story has presented no evidence that OLOL's stated reason for terminating her is a pretext for discrimination." We agree. While Dr. Story continues to dispute OLOL's description of her conduct at the meeting, she cannot survive summary judgment by simply disputing whether or how the incident occurred. *See LeMaire v. Louisiana Dep't of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007); *Evans v. City of Houston*, 246 F.3d 344, 355 (5th Cir. 2001). At the pretext phase, she "must substantiate [her] claim . . . through evidence demonstrating that discrimination lay at the heart of the employer's decision." *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 720 (5th Cir. 2002). Therefore, Dr. Story's claim that she did not behave improperly at the meeting, without more, is insufficient to establish a genuine issue of material fact regarding whether OLOL's proffered reason for her termination "is a pretext for intentional discrimination." *Id.*

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

raise a genuine dispute of material fact as to whether OLOL's reasons for terminating Dr. Story were pretext under the *McDonnell-Douglas* framework.