# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60583
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2020

Lyle W. Cayce
Clerk

JASON D. ALSTON,

       Plaintiff–Appellant,

v.

MISSISSIPPI DEPARTMENT OF TRANSPORTATION,

       Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:16-CV-236

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

      In this pro se employment-discrimination case, Jason D. Alston appeals the district court's grant of summary judgment to the Mississippi Department of Transportation (MDOT), as well as the denial of two other motions. We AFFIRM.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60583

**I**

Beginning in 2012, Alston worked for MDOT as a maintenance technician. In March 2015, Alston filed an internal grievance against his supervisor for allegedly placing a venomous snake on his work equipment and for ordering another employee to make Alston siphon gas from a work truck. A few months later, MDOT issued Alston a written reprimand for incorrectly placing signs. Soon afterward, Alston filed a charge of racial and disability discrimination with the Equal Employment Opportunity Commission. MDOT asserts that Alston incorrectly placed signs again shortly afterward in June 2015. He received another written reprimand. After a third sign-placing incident in September 2015, Alston was suspended for forty hours without pay because MDOT found that he refused or resisted supervisor instruction and failed to perform his assignments correctly. Alston resigned voluntarily in October 2015 and filed a Title VII complaint against MDOT one month later, alleging "unlawful race discrimination, disability discrimination, racial harassment, hostile work environment and retaliation."[1]

After Alston was thrice given leave to amend his complaint, he moved for leave to file a summary-judgment motion before the motions deadline had passed. The district court denied this motion on timeliness grounds. MDOT moved for summary judgment soon afterward. Alston also moved for summary judgment, and subsequently for sanctions against MDOT for stating the elements of an Americans with Disabilities Act retaliation claim rather than a Title VII claim in its summary-judgment materials.[2] The district court granted MDOT's motion and denied both of Alston's. Alston appealed the denial of all three motions.

---

[1] 42 U.S.C. § 2000e-2(a)(1).

[2] MDOT correctly stated the Title VII standard in its other filings and attempted to correct the record.

No. 19-60583

We review a district court's grant of summary judgment de novo, "viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor."[3] As a corollary, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."[4] We review the denial of Alston's other two motions under the abuse of discretion standard.[5]

## II

The district court properly granted summary judgment against Alston because he failed to meet his burden under *McDonnell Douglas*.[6] And the district court did not abuse its discretion in denying Alston's other motions.

### A

Under the Supreme Court's *McDonnell Douglas* framework, a Title VII plaintiff must first set forth a prima facie case of discrimination.[7] In this case alleging retaliation (the sole claim in Alston's amended complaint), Alston must show that (1) he engaged in activity protected under Title VII, (2) he suffered an adverse employment action, and (3) a causal link exists between his activity and the adverse action.[8] An adverse action that meets this standard is one that "might have dissuaded a reasonable worker from making

---

[3] *Wilson v. City of Southlake*, 936 F.3d 326, 329 (5th Cir. 2019) (quoting *Dediol v. Best Chevrolet*, 655 F.3d 435, 439 (5th Cir. 2011)).

[4] *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

[5] *Edwards v. Cass County*, 919 F.2d 273, 275 (motion for leave to file summary judgment), *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 630 (5th Cir. 2014) (motion for sanctions).

[6] MDOT states that "the *McDonnell Douglas* test applies to Title VII and ADA retaliation claims." We need not address this assertion, because Alston never makes a claim under the ADA.

[7] *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973); *see also Rogers v. Pearland Ind. Sch. Dist.*, 827 F.3d 403, 408 (5th Cir. 2016).

[8] *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996).

or supporting a charge of discrimination."[9] If Alston is successful in making this prima facie case, the burden shifts to MDOT to articulate a "legitimate, nondiscriminatory reason" for its actions.[10] If MDOT offers such a reason, the burden shifts back to Alston, who must show that MDOT's proffered reason "was merely a pretext for the real, retaliatory purpose."[11] This means "the plaintiff has the burden of proving that 'but for' the discriminatory purpose" he would not have suffered the adverse action.[12]

We agree with the district court that Alston has made out a prima facie case by showing that he was suspended without pay for "resisting management directives . . . and/or failure or refusal to follow supervisor's instruction [or] perform assigned work."[13] MDOT then articulated a legitimate, nondiscriminatory basis for the adverse employment action: "Alston's insubordination was the cause for his suspension." Alston must therefore offer evidence that MDOT's stated reason was mere pretext.[14] But Alston identifies no such evidence, meaning he cannot carry his *McDonnell Douglas* burden.

## B

We next address the district court's denial of Alston's motion for leave to file a summary-judgment motion. Under Federal Rule of Civil Procedure 6(b), the court may extend time "for good cause . . . on motion made after the time has expired if the party failed to act because of excusable neglect."[15] Yet Alston filed this motion for leave on July 10, 2018—well before the district court's

---

[9] *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

[10] *McDonnell*, 411 U.S. at 802.

[11] *Septimus v. Univ. of Hous.*, 399 F.3d 601, 608 (5th Cir. 2005).

[12] *Id.* (quoting *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004)).

[13] We previously found that a two-day suspension without pay where the plaintiff was reimbursed did not constitute an "adverse action" that satisfied *McDonnell Douglas*. *Cabral v. Brennan*, 853 F.3d 763, 767 (5th Cir. 2017). Because there is no indication Alston was ever reimbursed, *Cabral* does not completely settle the matter before us.

[14] *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017).

[15] FED. R. CIV. P. 6(b)(1).

No. 19-60583

December 17, 2018 motions deadline. Alston thus had ample time to file his motion for summary judgment, and his motion for leave was improperly timed.

Courts abuse their discretion when their decision is "either premised on an erroneous application of the law, or an assessment of the evidence that is clearly erroneous."[16] This district court did neither. "District courts must have the power to control their dockets by holding litigants to a schedule."[17] Denying Alston's untimely motion was well within this power. The district court thus did not abuse its discretion.

## C

Finally, Alston appeals the denial of his motion for sanctions. In that filing, Alston seems to argue that MDOT's attorneys should be sanctioned under Federal Rule of Civil Procedure 11 for stating the standard for a prima facie case under the ADA, rather than under Title VII, in MDOT's original memorandum in support of summary judgment.

Before filing any documents, an attorney must (1) reasonably inquire into the facts supporting it, (2) reasonably inquire into the law "such that the document embodies existing legal principles or a good faith argument," and (3) refrain from filing documents "for purposes of delay, harassment, or increasing costs of litigation."[18] Violation of these duties is grounds for sanction.[19]

As stated above, we find an abuse of discretion when the lower court clearly erred in applying the law or examining the facts.[20] Here, the district court denied Alston's motion because the standards for prima facie retaliation claims under Title VII and the ADA are exactly the same.[21] Moreover, the court

---

[16] *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 227 (5th Cir. 2008) (quoting *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 528 (5th Cir. 2000).

[17] *Shepherd v. City of Shreveport*, 920 F.3d 278, 288 (5th Cir. 2019).

[18] *Thomas v. Capital Sec. Serv.*, 836 F.2d 866, 873-74 (5th Cir. 1998).

[19] *See* FED. R. CIV. P. 11(c).

[20] *See In re High Sulfur*, 517 F.3d at 227.

[21] *Feist v. Louisiana*, 730 F.3d 450, 454 (5th Cir. 2013).

found that Rule 11 does not apply because MDOT corrected its alleged violation in several filings prior to Alston's motion for sanctions. Thus, the district court observed, Alston's motion "essentially seeks $100,000 for an inconsequential typographical error."

We have no quarrel with this reasoning. The district court did not abuse its discretion in denying Alston's motion for sanctions.

*     *     *     *     *

The judgment of the district court is AFFIRMED.