# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-40905

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2020

Lyle W. Cayce
Clerk

STEVEN SACCHETTI,

      Plaintiff - Appellant

v.

OPTIV SECURITY, INCORPORATED,

      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CV-99

Before STEWART, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Steven Sacchetti sued his former employer, Optiv Security, Inc., for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-5, and the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE §§ 21.051, .055, and common

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

No. 19-40905

law defamation. The district court granted summary judgment for Optiv on all claims. Sacchetti appeals only the sex discrimination, retaliation, and defamation judgments. He argues that the district court should have permitted him to use a subordinate as a comparator to establish his prima facie sex-discrimination case and that enough circumstantial evidence existed to create a genuine dispute of material facts for the defamation and retaliation claims. For the reasons set forth below, we AFFIRM.

## I. FACTS AND PROCEEDINGS

Sacchetti worked for Optiv from 2012 to 2016, including in a supervisory role as a Regional Director. Sacchetti hired Tina Palmer as a Client Manager in 2016, but she allegedly did not perform well in the position. When Palmer's performance did not improve after counseling, Sacchetti, his supervisor, and a partner from human resources put Palmer on a performance improvement plan.

Days later, Palmer emailed the human resources partner alleging that Sacchetti discriminated against her because of her sex. Sacchetti alleges that Palmer filed the complaint to retaliate against him for placing her on the performance improvement plan. Optiv investigated Palmer's claim and determined that it was unfounded.

Nevertheless, Optiv fired Sacchetti, citing troubling comments he had allegedly made about hiring women during the Palmer investigation, negative feedback about him from partners and customers, and conflicts with subordinates. About five months later, Optiv also fired Palmer.

Sacchetti sued Optiv, alleging that Optiv discriminated against him based on age and sex, that Optiv defamed him to potential employers, and that the defamatory statements were a form of retaliation for Sacchetti's discrimination complaints.

2

No. 19-40905

The magistrate judge issued a report and recommendation finding that: (1) although Sacchetti had established a prima facie case of age discrimination, he did not produce evidence that Optiv's proffered nondiscriminatory reasons for terminating him were pretextual; (2) Sacchetti had failed to establish a prima facie case of gender discrimination, because he had been replaced by another male and had not identified a proper comparator who had been treated differently under similar circumstances; (3) Sacchetti had failed to produce evidence that Optiv had published any negative information to a potential employer; and (4) Sacchetti had failed to produce evidence to support the retaliation claim, because his retaliation claim was effectively coextensive with his defamation claim.  The district court overruled Sacchetti's objections, adopted the report and recommendation, and granted summary judgment for Optiv.  Sacchetti timely appealed.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "We review a district court's grant of summary judgment de novo." *Kitchen v. BASF*, 952 F.3d 247, 252 (5th Cir. 2020).  We "draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of evidence." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002).

## III. DISCUSSION

Sacchetti raises three issues on appeal.  First, he argues that the district court erred in not treating Palmer as a comparator for a prima facie sex-discrimination case.  Second, he argues that a jury could reasonably infer that Optiv had defamed Sacchetti to potential employers.  Third, he argues that a

3

jury could reasonably find that Optiv had retaliated against Sacchetti for protected conduct by defaming him to potential employers.

## A.

We evaluate sex-discrimination claims under Texas state law and Title VII similarly. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633–34 (Tex. 2012) ("Section 21.051 is effectively identical to Title VII, its federal equivalent, . . . [and] we have consistently held that those analogous federal statutes and the cases interpreting them guide our reading of the TCHRA."). To prove discrimination, a plaintiff must first demonstrate a prima facie case. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). A plaintiff who seeks to establish a prima facie case by comparison to another employee

> must demonstrate that (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

*Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). If the employee establishes a prima facie case, "the burden of production shifts to the employer 'to articulate some legitimate, nondiscriminatory reason'" for firing the employee. *Rogers v. Pearland Indep. Sch. Dist.*, 827 F.3d 403, 408 (5th Cir. 2016) (quoting *McDonnell Douglas Corp.*, 411 U.S. at 802). The plaintiff must then show that the proffered reason "was a pretext for discrimination, or that a 'motivating factor' of the employment decision was the plaintiff's protected characteristic." *Id.* (footnote omitted).

The district court held that Sacchetti failed to offer a valid comparator. Sacchetti argues that the district court should have been more flexible and

allowed him to use Palmer as a comparator to demonstrate that he, as a male accused of sex discrimination, was treated less favorably than his female accuser.  He concedes, however, that Palmer is not a "traditional comparator" and that, should a plaintiff be permitted to use such a comparator, "neither will have committed the same conduct that is at issue in the investigation and, in most cases, neither will hold the same position."

To be "similarly situated," comparators must be "nearly identical." *Lee*, 574 F.3d at 260.  They must have "held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories."  *Id.* (footnotes omitted).    "[C]ritically, the plaintiff's conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions."  *Id.*  We have consistently "defined 'similarly situated' narrowly, requiring the employees' situations to be 'nearly identical.'" *West v. City of Houston*, 960 F.3d 736, 740 (5th Cir. 2020) (quoting *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 406 (5th Cir. 2005)).

Sacchetti and Palmer held different positions with differing levels of responsibility.  They reported to different supervisors.  Optiv's purported reasons for firing Sacchetti are nothing like the reasons Sacchetti proposed for firing Palmer.  The district court correctly held that Palmer was not similarly situated to Sacchetti and that Sacchetti had failed to make out a prima facie case of sex discrimination.

Because Sacchetti failed to make out a prima facie case, the district court correctly granted summary judgment for Optiv on the federal and state sex-discrimination claims.

B.

Sacchetti also challenges the dismissal of his defamation and retaliation claims. Because Sacchetti alleges that Optiv's retaliatory act was making defamatory statements to potential employers, we analyze the claims together.

Under Texas law, "[t]o maintain a defamation cause of action, the plaintiff must prove that the defendant: (1) published a statement[ ] (2) that was defamatory concerning the plaintiff[ ] (3) while acting with . . . negligence, if the plaintiff is a private individual, regarding the truth of the statement." *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).

Sacchetti identified six pieces of evidence that he argues demonstrate defamation by Optiv: his supervisor's email to Optiv employees announcing Sacchetti's termination, an incomplete text message to Sacchetti from an Optiv employee indicating that Optiv employees had been given "an official answer to tell vendors" about Sacchetti's departure, an email to Sacchetti from an unknown party, a reference by Palmer in her exit interview to an internal Optiv email about Sacchetti, an email from an unidentified employee of a potential employer criticizing Sacchetti's reputation, and the fact that Sacchetti had job offers rescinded.

This evidence reflects no more than internal Optiv communications, communications sent neither from, nor to, Optiv personnel, or the fact that Sacchetti had difficulty obtaining new employment. Internal communications are not actionable under Texas law, *see Exxon Mobil Corp. v. Hines*, 252 S.W.3d 496, 503 (Tex. App. 2008), Sacchetti has identified no authority for asserting liability against Optiv for communications not sent by Optiv, and Sacchetti's rescinded job offers are not connected to Optiv by anything other than Sacchetti's own speculation, *see Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455,

458 (5th Cir. 1998) ("Needless to say, unsubstantiated assertions are not competent summary judgment evidence.").

Sacchetti has failed to produce evidence of *any* communication that Optiv published to a potential employer, defamatory or otherwise. "Where the burden of production at trial ultimately rests on the nonmovant, 'the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case.'" *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (quoting *Shields v. Twiss*, 389 F.3d 142, 149 (5th Cir. 2004)). Because Sacchetti failed to produce any such evidence, the district court correctly granted summary judgment for Optiv on Sacchetti's defamation claim.

The sole basis for Sacchetti's retaliation claim is that he was defamed in retaliation for asserting discrimination claims. Because he has not produced any evidence that Optiv published defamatory statements to any potential employers, the district court likewise correctly granted summary judgment for Optiv on Sacchetti's retaliation claim.

## IV.  CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.