# United States Court of Appeals for the Fifth Circuit

No. 21-40807
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2023

Lyle W. Cayce
Clerk

Aaron Malone,

*Plaintiff—Appellant*,

*versus*

Kristine Zambrano, *Sergeant/Lieutenant McConnell Unit Prison*; Kenneth Putnam, *Warden, McConnell Unit Prison*; Major Gould, *Major/Lieutenant McConnell Unit Prison*; Selles, *Mailroom Supervisor McConnell Unit Prison*; Texas Department of Criminal Justice; Christina Rodriguez, *Unit Grievance Investigator-McConnell Unit Prison*; Officer Landry, *Correctional Officer-McConnell Unit Prison*; Officer Thompson, *Correctional Officer-McConnell Unit Prison*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CV-269

---

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-40807

Aaron Malone, Texas prisoner # 1697643, is proceeding *pro se* on appeal, as he did in district court. In 2019, he filed a complaint under 42 U.S.C. § 1983, claiming defendants retaliated against him and violated his right of access to the courts after he filed a state-court action in 2015 against prison officials. Malone maintains the district court committed various procedural errors and challenges its granting defendants' summary-judgment motion and dismissing this action. The court's 47-page order contains the numerous contested rulings, except the denial of Malone's motion for new trial.

Our court reviews a summary judgment *de novo*. *E.g.*, *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017). It is proper if "movant shows . . . there is no genuine dispute as to any material fact and . . . movant is entitled to judgment as a matter of law". FED. R. CIV. P. 56(a). A dispute of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party". *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court ruled that Malone failed to exhaust many of his claims. It also entered alternative rulings regarding each claim. Malone fails to adequately challenge these rulings; accordingly, the court did not err in granting summary judgment to defendants. *E.g.*, *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments mut be briefed to be preserved." (citation omitted)); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding appellant abandons claim on appeal by failing to identify error in district court's analysis); *Hugh Symons Grp., plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002) ("Unsubstantiated assertions . . . [and] conclusory allegations are not competent summary judgment evidence and are insufficient to overcome a summary judgment motion".).

No. 21-40807

As for Malone's claims of procedural error, the court did not abuse its discretion. The court declined to grant Malone additional extensions to conduct discovery because he generally asserted defendants possessed evidence he needed, as opposed to identifying any evidence that would produce a genuine dispute of material fact. *E.g.*, *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (explaining non-moving party requesting additional discovery "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts" (citation omitted)).

Additionally, the court denied his requests for appointment of counsel, based on his failing to show exceptional circumstances existed. *E.g.*, *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) ("[A] district court is not required to appoint counsel in the absence of exceptional circumstances". (citation omitted)).

Next, in denying his motion to supplement his more definite statement of his claims, the court ruled it was untimely because it was filed four months after defendants filed their summary-judgment motion and after the deadline in the scheduling order for filing amended pleadings. *E.g.*, *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 391 (5th Cir. 2005) (stating motion to amend may be permissibly denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, . . . and futility of amendment" (citation omitted)).

Further, the court did not abuse its discretion by striking Malone's cross-motion for summary judgment because it ruled his motion was untimely and that Malone failed to show good cause to excuse the untimeliness. *E.g.*, *Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020) (noting district court's broad discretion in enforcing scheduling order deadlines).

And, that evidence contains "variations, discrepancies, and contradictions", does not make it inadmissible; therefore, the court did not abuse its discretion in denying Malone's motions to strike defendants' summary-judgment evidence. *Rogers v. Pearland Indep. Sch. Dist.*, 827 F.3d 403, 406–07 (5th Cir. 2016) (alterations omitted) (citation omitted); *see also Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

Regarding Malone's assertion that the court failed to consider various items of evidence, the record reflects the court did consider his evidence. Any evidence not considered was improper summary-judgment evidence and not before the court.

Finally, Malone makes no assertions concerning the denial of his new-trial motion; therefore, he abandoned any challenge he may have had on that basis. *E.g.*, *Yohey*, 985 F.2d at 224–25; *Brinkmann*, 813 F.2d at 748.

AFFIRMED.