Jerry M. BLUM, Plaintiff-Appellant,

v.

GULF OIL CORPORATION, Defendant-Appellee.

No. 78–3536
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 28, 1979.

Rehearing Denied Aug. 7, 1979.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Newton B. Schwartz, Houston, Tex., for plaintiff-appellant.

William G. Duck, Susan R. Sewell, Ulysses S. Jones, Houston, Tex., for defendant-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

The plaintiff, a discharged former employee of Gulf Oil Corp., seeks relief under Title VII, 42 U.S.C. § 2000e–5, and Section 1981, 42 U.S.C.A. § 1981, claiming that he was terminated because of his religion and sexual preferences. Finding the district court's denial of relief proper, we affirm.

Mr. Blum was employed by Gulf in its customer accounts department for ten years. He was given several pay raises and promotions. He was known to be Jewish and was given time off to observe Jewish holidays although not, perhaps, all that he wished.

In 1974 he obtained a real estate license with his supervisor's knowledge. He represented that he would pursue his real estate activities only during his own time. Gulf required their employees to limit their use of the telephone for personal calls. Mr. Blum did use the telephone for personal business. He attempts to justify this on the basis that other employees also did this, merely curtailing their personal use of the telephone immediately after the issuance of a warning. There is no evidence, however, that Gulf's supervisory employees knew that other employees had not strictly complied with the company policy.

In 1975 a new supervisor was placed in authority over Mr. Blum. The relations between the new supervisor and Mr. Blum were less amicable than those with his prior supervisor. On January 7, 1976, Mr. Blum was discharged for use of the company telephone to make personal calls. He contends this was a pretext and that he was fired because he was Jewish, male, white, and homosexual and was discriminated against on all four bases. After a bench trial, the court found that the plaintiff was discharged for engaging in personal real estate business activities during regular working hours and that this constituted good cause. The court expressly found that he was not discharged because of his race, sex or religion.

It is questionable whether appellant has presented a prima facie Title VII case of racial, sexual, or religious discrimination. *See Furnco Construction Corp. v. Waters*, 1978, 438 U.S. 567, 98 S.Ct. 2943, 2948–49, 57 L.Ed.2d 957; *McDonnell Douglas Corp. v. Green*, 1973, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668. However, even if he has done so, Gulf articulated a legitimate reason for his discharge: Mr. Blum admitted using Gulf's telephones for his own business. *See Board of Trustees of Keene State College v. Sweeney*, 1978, —— U.S. ——, 99 S.Ct. 295, 58 L.Ed.2d 216. From what Gulf then knew of appellant's use—as opposed to his later explanations and qualifications—it had a legitimate rea-

son for terminating him. Although he has attempted to show that this reason was a pretext, he has not shown that anyone in authority was aware that other employees used Gulf telephones for non-Gulf business.

■ Section 1981 is a parallel remedy against discrimination which may derive its legal principles from Title VII. *See Johnson v. Alexander*, 8 Cir. 1978, 572 F.2d 1219, 1223 and n.3, *cert. denied*, ── U.S. ──, 99 S.Ct. 579, 58 L.Ed.2d 658; *Cf. Alexander v. Gardner-Denver Co.*, 1974, 415 U.S. 36, 47 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147. The Section 1981 claims have no greater merit than the Title VII claim.

■ The trial court's findings of fact were amply supported by the record. Mr. Blum testified differently, but credibility was for the trier of fact to determine. *E. g., Blunt v. Marion County School Board*, 5 Cir. 1975, 515 F.2d 951, 958. We comment briefly on the other issues raised on appeal.

1. The trial court denied Blum discovery concerning how many Jewish persons were hired and fired by Gulf and its affiliates; the percentage of Jewish applicants hired and fired; the names and addresses of all fired Jewish employees; the names and addresses of all employees who had outside business activities; and similar information regarding homosexuals.

The plaintiff propounded two sets of interrogatories, most of which were answered. Gulf objected to producing information concerning its entire company, unlimited in time or scope, but did produce significant data about the department where Mr. Blum was employed. It did not produce any information about Jewish and homosexual employees because "Gulf does not keep records which would reflect this information."

■■ The trial court has wide discretion in determining the scope and effect of discovery. *See, e. g., Burns v. Thiokol Chemical Corp.*, 5 Cir. 1973, 483 F.2d 300, 304. Gulf furnished considerable information to the plaintiff. We cannot say that the trial court abused its discretion. Obviously, it could not order Gulf to produce what it did not have, or to answer questions if it did not know the answers. The limitations on the breadth of discovery were not unreasonable. *See Marshall v. Westinghouse Electric Corp.*, 5 Cir. 1978, 576 F.2d 588, 592.

The plaintiff was, the court found, discharged for cause not under a pretext. *See, e. g., Sweeney, supra; Adams v. Reed*, 5 Cir. 1978, 567 F.2d 1283, 1285–86. No prejudice by virtue of lack of discovery information has been shown.

■■ 2. After the "Motion for Inquiry and Disclosure" was filed, and before it was ruled on, the notice of appeal was filed, divesting the trial court of jurisdiction. F.R.A.P. 4. If the motion is construed as one under 28 U.S.C. § 144 or § 455, it lacked merit. The affidavit required by Section 144 was not filed. No specific basis for disqualification under Section 455 has been stated. *See United States v. Avila*, 5 Cir. 1971, 443 F.2d 792, 794–95, *cert. denied*, 404 U.S. 944, 92 S.Ct. 295, 30 L.Ed.2d 258.

■ 3. The motion for jury trial was properly denied. *E. g., United States v. United States Steel Corp.*, 5 Cir. 1975, 520 F.2d 1043, 1060 n.1, *cert. denied*, 1976, 429 U.S. 817, 97 S.Ct. 61, 50 L.Ed.2d 77; *Johnson v. Georgia Highway Express, Inc.*, 5 Cir. 1969, 417 F.2d 1122, 1125, appeal after remand, 5 Cir. 1974, 488 F.2d 714.

■ 4. Discharge for homosexuality is not prohibited by Title VII or Section 1981. *See Smith v. Liberty Mutual Insurance Co.*, 5 Cir. 1978, 569 F.2d 325, 327 (Title VII); *DeGraffenreid v. General Motors Assembly Division*, 8 Cir. 1977, 558 F.2d 480, 486 n.2 (Section 1981).

For these reasons, the judgment of the district court is AFFIRMED.