United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30945
Summary Calendar

THOMAS LOUIS PHILLIPS,

Plaintiff-Appellant,

versus

RICHARD L. STALDER; BURL CAIN; DERREN BORDELON; M. ALLEN; UNKNOWN
LEMARTANIER; DONALD DAVIS; UNKNOWN ROSS; UNKNOWN ROWE; UNKNOWN
FREGERSON; UNKNOWN GROOM; UNKNOWN TARVAR; UNKNOWN HAND, Doctor;
MARY O'NEAL; PAT TRUETT; DWAYNE MCFATTER; K. DAVIS; UNKNOWN
ELLIOT, Sergeant; ROSA STEPHENS; UNKNOWN RODESTA; FRED ALLEN;
UNKNOWN MCKEY; UNKNOWN JEANSONE; ALL DEFENDANTS; UNKNOWN WHITE;
UNKNOWN HOLMES; DORA RABALAIS; AMERICAN CORRECTIONS ASSOCIATION,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CV-782-D-M1
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Thomas Louis Phillips, Louisiana prisoner # 94730, appeals

the district court's order granting the defendants' motion for

summary judgment and dismissing his 42 U.S.C. § 1983 suit.  We

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

review de novo the granting of a motion for summary judgment. See Correa v. Fischer, 982 F.2d 931, 932 (5th Cir. 1993).

Phillips argues that the district court erred in dismissing his claims of improper retaliation because the motive for retaliation was "plain on its face." However, Phillips has not made a sufficient showing of either causation or intent. See Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999).

Phillips argues that the prison employees were repeatedly and deliberately indifferent to his medical needs, ignoring his duty status and failing to provide adequate medical care. However, his treatment claims reflect only a disagreement with his treatment. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). His duty status claims fail because he has failed to present any evidence that the work assignments significantly aggravated any serious physical ailment. See Jackson v. Cain, 864 F.2d 1235, 1246-47 (5th Cir. 1989).

Phillips argues that prison officials filed several improper disciplinary reports. However, he asserts neither a sufficient liberty interest nor a significant due process concern. See Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995); Williams v. Edwards, 547 F.2d 1206 (5th Cir. 1977). Phillips also contends that a prison warden illicitly confiscated his typewriter. The claim fails; the availability of a post-deprivation tort cause of action under state law is sufficient to satisfy the requirements

of due process.  See Collins v. King, 743 F.2d 248, 253-54 (5th Cir. 1984).

Phillips argues that a grooming order impermissibly restricted his religious practice.  Prison grooming regulations which require prisoners to cut their hair and beards are rationally related to the achievement of valid penological goals. See Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995).

Finally, Phillips claims that the magistrate judge and the district court were unduly harsh in their treatment of his motions for discovery and service and showed improper favor in granting leniency to the defendants.  However, trial courts are granted discretion in such matters.  See Blum v. Gulf Oil Co., 597 F.2d 936, 938 (5th Cir. 1979); Copeland v. Wasserstein, Perella & Co., Inc., 278 F.3d 472, 484 (5th Cir. 2002); Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).  We find no abuse of that discretion in the actions challenged by Phillips.

Phillips has not presented a genuine issue of material fact. See Amburgey v. Corhart Refractories Corp. Inc., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. P. 56(c).

In light of the foregoing, the district court's judgment is AFFIRMED.  Phillips's motion for the appointment of counsel is DENIED.