[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13801
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-01460-ODE


GERALD LYNN BOSTOCK,

Plaintiff-Appellant,

versus

CLAYTON COUNTY BOARD OF COMMISSIONERS,

Defendant,

CLAYTON COUNTY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 10, 2018)

Before TJOFLAT, WILSON, and NEWSOM, Circuit Judges.

PER CURIAM:

Gerald Lynn Bostock appeals the district court's dismissal of his employment discrimination suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1), against Clayton County, Georgia, for failure to state a claim. On appeal, Bostock argues that the County discriminated against him based on sexual orientation and gender stereotyping. After a careful review of the record and the parties' briefs, we affirm.

"We review de novo the district court's grant of a motion to dismiss under [Fed. R. Civ. P. ] 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). Issues not briefed on appeal are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

Title VII prohibits employers from discriminating against employees on the basis of their sex. 42 U.S.C. §2000e-2(a). This circuit has previously held that "[d]ischarge for homosexuality is *not* prohibited by Title VII." *Blum v. Gulf Oil Corp.*, 597 F.2d 936, 938 (5th Cir. 1979)[1] (per curiam) (emphasis added). And we

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions of the "old Fifth" Circuit handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit).

recently confirmed that *Blum* remains binding precedent in this circuit. *See Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1256 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 557 (2017). In *Evans*, we specifically rejected the argument that Supreme Court precedent in *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 79 (1998), and *Price Waterhouse v. Hopkins*, 490 U.S. 228, 250–51 (1989), supported a cause of action for sexual orientation discrimination under Title VII.

As an initial matter, Bostock has abandoned any challenge to the district court's dismissal of his gender stereotyping claim under *Glenn*[2] because he does not specifically appeal the dismissal of this claim. *See Timson*, 518 F.3d at 874. Moreover, the district court did not err in dismissing Bostock's complaint for sexual orientation discrimination under Title VII because our holding in *Evans* forecloses Bostock's claim. And under our prior panel precedent rule, we cannot overrule a prior panel's holding, regardless of whether we think it was wrong, unless an intervening Supreme Court or Eleventh Circuit en banc decision is issued. *United States v. Kaley*, 579 F.3d 1246, 1255–56 (11th Cir. 2009); *United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc).

**AFFIRMED.**

---

[2] In analyzing an equal protection claim, rather than a Title VII claim, we held that discrimination based on gender nonconformity was sex discrimination. *Glenn v. Brumby*, 663 F.3d 1312, 1317 (11th Cir. 2011).

3