JAMES C. HO, Circuit Judge:
*330 Over the past two years, three circuits have construed Title VII of the Civil Rights Act of 1964 to prohibit employers from discriminating on the basis of either sexual orientation or transgender status. See Zarda v. Altitude Express, Inc ., 883 F.3d 100 (2nd Cir. 2018) (en banc); EEOC v. R.G. & G.R. Harris Funeral Homes, Inc ., 884 F.3d 560 (6th Cir. 2018) ; Hively v. Ivy Tech Cmty. Coll. of Ind. , 853 F.3d 339 (7th Cir. 2017) (en banc).
The district court here examined these recent out-of-circuit rulings, found them "persuasive," and thus "assume[d]" that Title VII prohibits transgender discrimination, in a published opinion. Wittmer v. Phillips 66 Co. , 304 F.Supp.3d 627, 634 (S.D. Tex. 2018). In doing so, the district court expressly stated that "the Fifth Circuit has not yet addressed the issue." Id.
But we have addressed the issue. In Blum v. Gulf Oil Corp ., 597 F.2d 936 (5th Cir. 1979), we expressly held that Title VII does not prohibit discrimination on the basis of sexual orientation. Yet the district court did not mention, let alone distinguish, Blum . Most notably, it did not contend that Title VII applies to transgender status but not sexual orientation. To the contrary, the court concluded that the "same" analysis applies to transgender status and sexual orientation alike. Wittmer , 304 F.Supp.3d at 634.
Blum remains binding precedent in this circuit to this day. Our sister circuits-including those favorably quoted in the district court's published opinion-recognize Blum as our precedent. See Zarda , 883 F.3d at 107-08 (recognizing historic "consensus among our sister circuits" foreclosing sexual orientation claims under Title VII, including Blum ); Hively , 853 F.3d at 341-42 ("recognizing ... Fifth Circuit's precedent in Blum "); see also Evans v. Ga. Reg'l Hosp ., 850 F.3d 1248, 1255 (11th Cir. 2017) ( Blum is "binding precedent" that "forecloses" sexual orientation discrimination claims under Title VII).
Other district courts within the Fifth Circuit have likewise repeatedly acknowledged that Blum is binding circuit precedent. See , e.g. , O'Daniel v. Indus. Serv. Solutions , 2018 WL 265585, *7 (M.D. La. Jan. 2, 2018) ("The Fifth Circuit has specifically held that discharge based upon sexual orientation is not prohibited by Title VII.... Blum is binding precedent"); Berghorn v. Texas Workforce Comm'n , 2017 WL 5479592, *4 (N.D. Tex. Nov. 15, 2017) ("The court ... is bound by Fifth Circuit precedent, not Seventh Circuit precedent.").
We nevertheless affirm the district court on other grounds. The district court correctly granted summary judgment for the employer, because the employee failed to present sufficient evidence to support a prima facie case of discrimination, and because the employee failed to present a genuine issue of material fact concerning pretext.
I.
Nicole Wittmer, a transgender woman, applied for an Instrument and Reliability Engineer position with Phillips 66 in 2015. Phillips 66 conducted four interviews, including an in-person interview on August 3.
During these interviews, Phillips 66 asked about Wittmer's current employment with Agrium. They discussed on-going projects at Agrium that would require significant future travel to Canada as the reason Wittmer was looking for a new job. On August 10, Phillips 66 offered Wittmer the job, contingent on passing certain background checks.
On September 2, Ellen Fulton, Phillips 66's Human Resources Manager, informed *331 Wittmer that the background check uncovered a discrepancy: Agrium terminated Wittmer on July 28, with pay continuing through August 2.
In response, Wittmer acknowledged the discrepancy, but did not think "it was that big of a deal." Wittmer sent Fulton the July 28 termination letter from Agrium, clearly stating that their employment relationship ended on July 28.
Fulton and several other Phillips 66 executives conferred on September 8. Everyone at the meeting agreed that the offer of employment should be rescinded due to Wittmer's misrepresentations.
On September 10, Wittmer sent an unsolicited email to Fulton and another Phillips 66 employee, accusing them of transgender discrimination. Fulton responded that Phillips 66 was unaware of Wittmer's transgender status prior to the email, and that in any event, the information would not affect Phillips 66's decision.
On September 14, Fulton formally rescinded the offer of employment. Fulton explained that it was due to the discrepancies revealed during the background check after the initial conditional offer.
A year later, in October 2016, Wittmer filed a charge of discrimination with the EEOC against Phillips 66. Wittmer claimed that Phillips 66 rescinded its offer because of transgender discrimination. The EEOC issued a right-to-sue letter.
II.
Wittmer sued Phillips 66 under Title VII for discrimination on the basis of transgender status. Without distinguishing or even mentioning Blum , Wittmer claimed that Title VII prohibits transgender discrimination.
Phillips 66 took no position on whether Title VII prohibits transgender discrimination. Instead, Phillips 66 moved for summary judgment on the grounds that (1) Wittmer failed to state a prima face case of discrimination on the basis of transgender status, and (2) Wittmer failed to present a genuine issue of material fact that the non-discriminatory reason offered by Phillips 66 was pretextual.
The district court granted summary judgment to Phillips 66 on both grounds. Wittmer appealed.
On appeal, Phillips 66 continues to take no position on whether Title VII prohibits discrimination on the basis of transgender status. It instead seeks affirmance on the specific evidentiary grounds on which it prevailed in the district court.
This appeal nevertheless attracted substantial amicus attention on the question of whether Title VII prohibits transgender discrimination. The EEOC filed an amicus brief that took no position whether the judgment below should be affirmed or reversed. The EEOC simply asked this court to hold that Title VII does indeed prohibit discrimination on the basis of transgender status. Similarly, various organizations, led by the National Center for Lesbian Rights, filed an amicus brief that, like EEOC, concluded that Title VII prohibits transgender discrimination, and took no position on the judgment.
The EEOC requested the opportunity to participate in oral argument. We granted the request. In addition, we appointed Adam Mortara as amicus curiae to brief and argue the contrary interpretation of Title VII-just as the Second Circuit did in Zarda . The EEOC subsequently withdrew its request to participate in oral argument, due to the government shutdown. So the National Center amici asked us if they could take the EEOC's place at the *332 podium. We granted that request as well.[1]
III.
Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).
Title VII prohibits employment discrimination against "any individual ... because of such individual's ... sex." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination, the plaintiff must either present direct evidence of discrimination or, in the absence of direct evidence, rely on circumstantial evidence using the McDonnell Douglas burden-shifting analysis. Under McDonnell Douglas , the plaintiff carries the burden to prove that (1) he belongs to a protected class; (2) he applied for and was qualified for the position; (3) he was rejected despite being qualified; and (4) others similarly qualified but outside the protected class were treated more favorably. McDonnell Douglas Corp. v. Green , 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See also Willis v. Coca Cola Enters., Inc ., 445 F.3d 413, 420 (5th Cir. 2006).
If a plaintiff establishes a prima facie case, the burden shifts to the employer to show it had a legitimate, nondiscriminatory reason for rescinding the offer. McDonnell Douglas , 411 U.S. at 802, 93 S.Ct. 1817. If the employer can show a legitimate, non-discriminatory reason for not hiring the plaintiff, the presumption of discrimination disappears, and the burden shifts back to the plaintiff to show either that the proffered reason was a pretext for discrimination, or that the plaintiff's protected status was another motivating factor for the decision. Alvarado v. Tex. Rangers , 492 F.3d 605, 611 (5th Cir. 2007). To overcome a legitimate, nondiscriminatory reason for termination, the plaintiff must show something beyond disagreement with the employer's decision. Bryant v. Compass Grp. USA Inc ., 413 F.3d 471, 478 (5th Cir. 2005) ("Disparate treatment of similarly situated employees is one way to demonstrate unlawful discrimination and retaliation.").
Wittmer's claim fails at both steps. To begin with, Wittmer failed to establish a prima facie case of discrimination. Specifically, Wittmer did not present evidence that any non-transgender applicants were treated better, as required under the fourth prong of McDonnell Douglas . See Rogers v. Pearland Indep. Sch. Dist. , 827 F.3d 403, 408-09 (5th Cir. 2016) (upholding summary judgment for failing the fourth prong of the prima facie case).
In addition, Phillips 66 identified a legitimate, non-discriminatory reason for rescinding the offer-namely, Wittmer's misrepresentations. Wittmer's own deposition testimony confirms the misrepresentations about maintaining an on-going employment relationship with Agrium, and voluntarily departing Agrium to avoid substantial travel to Canada. And Phillips 66 offered evidence that it decided to rescind the offer due to the discrepancies uncovered in the background check-and that it did so two days before anyone at the company ever learned of Wittmer's transgender status.
So Wittmer's claim fails for two reasons, separate and apart from our holding in Blum . First, Wittmer failed to satisfy the *333 plaintiff's burden to present a prima facie case under the fourth prong of McDonnell Douglas . And second, Wittmer did not present a genuine issue of material fact that the non-discriminatory reason offered by Phillips 66 was pretextual. The district court was therefore correct to enter summary judgment for Phillips 66.
The judgment is affirmed.
PATRICK E. HIGGINBOTHAM, Circuit Judge, concurring:
I concur fully in the dismissal of Wittmer's Title VII claim on the grounds stated in the majority opinion. Blum v. Gulf Oil Corp. , 597 F.2d 936 (5th Cir. 1979), was decided decades before Lawrence v. Texas , 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), invalidated laws criminalizing same-sex sexual conduct, and we have never since relied on Blum for its holding that Title VII does not cover sexual orientation discrimination. Neither party, in the district court or this court, relied on or questioned Blum 's continued vitality-so, wisely I think, we do not reach here to resolve Blum 's endurance or the question of whether Title VII today proscribes discrimination against someone because of sexual orientation or transgender status. We do not because we cannot, even with elegant asides.

We thank Mr. Mortara for his public service in accepting the court's appointment. We also thank the National Center amici for participating in oral argument under these unusual circumstances. All of the amici provided the court with excellent legal analysis and advocacy.