**AFFIRMED in part; REVERSE and RENDER in part; REMAND and Opinion Filed March 10, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00351-CV**

**TARRANT COUNTY COLLEGE DISTRICT, Appellant**
**V.**
**AMANDA SIMS, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-18217**

## OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Smith

Appellee Amanda Sims sued her employer, appellant Tarrant County College District (TCCD), claiming that she was discriminated against due to her sexual orientation and pled facts alleging a violation of the Texas Whistleblower Act and the Texas Constitution. TCCD filed a plea to the jurisdiction and moved to dismiss Sims' claims on the basis of sovereign immunity. The trial court denied TCCD's plea to the jurisdiction, and TCCD appeals. In two issues, TCCD argues the trial court erred in denying its plea to the jurisdiction.

We conclude the following:

- Sims' claim of discrimination based on sexual orientation may be brought under the Texas Commission on Human Rights Act (TCHRA).

- Sims' remedy under the TCHRA forecloses any action under the Texas Whistleblower Act.

- Sims' constitutional claims established the existence of a genuine issue of material fact to overcome TCCD's challenge to the trial court's subject matter jurisdiction.

We affirm the trial court's denial of TCCD's plea to the jurisdiction regarding Sims' constitutional claims. Regarding Sims' claims under the Whistleblower Act, we reverse the trial court's order denying TCCD's plea to the jurisdiction, render judgment dismissing her Whistleblower Act claims, and remand for further proceedings consistent with this opinion.

In November 2019, Sims filed her original petition in Dallas County district court against TCCD alleging her employment was terminated only after she revealed to her supervisor that she is a lesbian. Sims claimed she was subjected to discrimination because of her sexual orientation and asserted TCCD's termination of her employment constituted a violation of the Whistleblower Act and Texas Constitution.

Specifically, Sims alleged the following facts: (1) she was a TCCD employee for three years and received performance evaluations reflecting above-average performance throughout her employment and had also received the Chancellor's Excellence Award for her work achievements; (2) Sims revealed she is a lesbian to her supervisor and co-workers when she served as a member of a TCCD committee

–2–

addressing diversity issues; (3) thereafter, Sims began experiencing hostile treatment: her supervisor, who "expressed religious views that held homosexuals in a negative light," told Sims she had to "overlook [her] bias" when it came to Sims; (4) one of Sims' responsibilities was to oversee a student-run convention on a TCCD campus; (5) as part of the convention, TCCD had previously allowed Sims to collect vendor fees for events via her PayPal account; (6) Sims did not spend the funds for her personal use and fully disclosed her activities to TCCD; and (7) in 2018, TCCD audited Sims' activities and determined Sims did not engage in any improper activities.

Sims' petition alleged TCCD began to subject her to discrimination because of her sexual orientation. Around March 26, 2019, Sims reported to the Fort Worth Human Relations Commission that TCCD violated the City of Fort Worth ordinance prohibiting discrimination based upon sexual orientation. On April 4, 2019, TCCD placed Sims on administrative leave, and Sims' employment was terminated on July 1, 2019, for what Sims claimed were "pretextual reasons."

In January 2020, TCCD filed its plea to the jurisdiction and motion to dismiss Sims' claims. TCCD argued it was entitled to dismissal of Sims' claims because the TCHRA provided the exclusive remedy for a public employee's discrimination and anti-retaliation claims. Further, TCCD argued it had not waived immunity from suit under the Whistleblower Act for a discrimination-based retaliation claim; therefore, dismissal was proper. TCCD argued the court lacked jurisdiction to hear Sims'

whistleblower and constitutional claims because "the TCHRA is [Sims'] exclusive statutory remedy for addressing a discriminatory based retaliation claim in state court."

In February 2020, Sims filed a response to TCCD's plea to the jurisdiction stating that, because she reported that TCCD discriminated against her based on her sexual orientation, her claim was not preempted by the TCHRA because the TCHRA did not prohibit sexual orientation discrimination. As to her constitutional claims, Sims argued the Texas Constitution preempts all state laws, and her constitutional claims could therefore not be preempted by the TCHRA.

At a hearing on TCCD's plea to the jurisdiction, the trial judge characterized this case as "a situation where there is no remedy [under the TCHRA] for the underlying conduct of being discriminated against based on sexual orientation." TCCD argued the fact that the TCHRA did not mention sexual orientation did not "mean that the legislature intended for employment discrimination claims premised on other characteristics to be controlled by a statutory scheme other than the TCHRA." TCCD argued Sims' claim of "being discriminated against on the basis of her sex and gender stereotyping" was "covered under the TCHRA," but no Texas court had ruled on the issue of whether the TCHRA protected her "status of sexual orientation." Sims' counsel argued that Sims' claim was "about being retaliated against for complaining about sexual orientation discrimination." Sims' counsel

–4–

further argued that the "Texas Constitution does protect individuals from discrimination based on sexual orientation."

On February 21, 2020, the trial court signed an order denying TCCD's plea to the jurisdiction. The order outlined the arguments made in the parties' pleadings and contained the following paragraph:

> The parties agree that [T]CHRA *does not* include a prohibition against sexual orientation discrimination or retaliation for reporting sexual orientation discrimination. They further agree that the statute *does* provide a remedy for sex discrimination based on a failure to conform to gender stereotypes. It is also undisputed between the parties that Plaintiff's lawsuit alleges the former conduct, not the latter. Plaintiff's lawsuit expounds upon and alleges facts in support of her claims that are unrelated to assertions of sex discrimination/gender stereotyping (facts a jury could determine motivated the alleged adverse employment actions), including purported expressions by her supervisor of negative attitudes about gay people and bias against Plaintiff because of her sexual orientation. No authority was offered to the Court that the type of harm claimed by Plaintiff in this suit is the type of harm [T]CHRA was enacted to redress or the type of harm Texas courts have held is made unlawful by the statute.

This appeal followed.

In two issues, TCCD argues the trial court erred in denying its plea to the jurisdiction on Sims' whistleblower and constitutional claims. We review the trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *City of Plano v. Hatch*, 584 S.W.3d 891, 895 (Tex. App.—Dallas 2019, no pet.). In performing this review, an appellate court does not look to the merits of the case but considers only the pleadings and evidence relevant to the jurisdictional inquiry. *City of Seagoville v. Lytle*, 227

–5–

S.W.3d 401, 408 (Tex. App.—Dallas 2007, no pet.). A plea to the jurisdiction is a dilatory plea that contests the trial court's authority to determine the subject matter of the cause of action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). When a plea to the jurisdiction challenges the pleadings, we must determine if the pleader has alleged sufficient facts to demonstrate affirmatively the trial court's jurisdiction to hear the cause. *See Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 927 (Tex. 2015); *Hatch*, 584 S.W.3d at 895. To make this determination we look to the pleader's intent, construe the pleadings liberally in favor of jurisdiction, and accept the allegations in the pleadings as true. *Hatch*, 584 S.W.3d at 895. Where the pleadings do not allege sufficient facts to demonstrate affirmatively the trial court's jurisdiction but do not affirmatively demonstrate an incurable jurisdictional defect, the issue is one of pleading sufficiency, and the plaintiffs should be given an opportunity to amend. *Miranda*, 133 S.W.3d at 226–27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Id*. at 227.

In Texas, governmental immunity has two components: immunity from liability, which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). TCCD does not dispute that immunity is

waived for suits brought under the TCHRA; instead, TCCD argues "the TCHRA provides the exclusive remedy for a public employee's discrimination claim."

One of the general purposes of the TCHRA is to: "(1) provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments (42 U.S.C. Section 2000e et seq.)." TEX. LAB. CODE § 21.001(1). The TCHRA was "enacted to address the specific evil of discrimination and retaliation in the workplace," as well as to coordinate and conform with federal anti-discrimination and retaliation laws under Title VII. *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 504 (Tex. 2012) (quoting *City of Waco v. Lopez*, 259 S.W.3d 147, 153–55 (Tex. 2008)). Although the Texas Supreme Court considers the TCHRA's plain language and its own precedent in interpreting the TCHRA, the court does look to federal law for guidance in situations where the TCHRA and Title VII contain analogous statutory language. *Chatha*, 381 S.W.3d at 505.

The relevant section of the TCHRA provides the following:

An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:

(1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment;

TEX. LAB. CODE § 21.051. Similarly, Title VII provides the following:

(a) Employer practices

It shall be an unlawful employment practice for an employer--

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

42 U.S.C. § 2000e-2. Thus, both the TCHRA and Title VII prohibit discrimination "because of . . . sex."

The parties agree that no Texas state court has addressed the issue of whether discrimination based on sexual orientation is prohibited under the TCHRA. Therefore, we look to federal law for guidance. *Chatha*, 381 S.W.3d at 505. At the time of the hearing on TCCD's plea to the jurisdiction, applicable federal authority held that, "[f]or four decades, it has been the uniform law of the land, affirmed in eleven circuits, that Title VII of the 1964 Civil Rights Act prohibits sex discrimination—not sexual orientation or transgender discrimination." *Wittmer v. Phillips 66 Co.*, 915 F.3d 328, 333 (5th Cir. 2019) (Ho, J., concurring). Clearly, the trial court was aware of this authority when it stated in its order that the parties agreed the TCHRA "*does not* include a prohibition against sexual orientation discrimination or retaliation for reporting sexual orientation discrimination."

The trial court in this case entered its order in February 2020. Four months later, the United States Supreme Court, in June 2020, issued its opinion in *Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731, 1754 (2020). In *Bostock*, the court held that Title VII's prohibition on discrimination "because of . . . sex" prohibits an employer from failing or refusing to hire or from firing an individual for being

–8–

homosexual or being a transgender person. *Id.* at 1738–43. In reaching this decision, the court reasoned as follows:

> Those who adopted the Civil Rights Act might not have anticipated their work would lead to this particular result. Likely, they weren't thinking about many of the Act's consequences that have become apparent over the years, including its prohibition against discrimination on the basis of motherhood or its ban on the sexual harassment of male employees. But the limits of the drafters' imagination supply no reason to ignore the law's demands. When the express terms of a statute give us one answer and extratextual considerations suggest another, it's no contest. Only the written word is the law, and all persons are entitled to its benefit.

*Id.* at 1737. As the court concluded, "[a]n employer who fires an individual merely for being gay or transgender defies the law." *Id.* at 1754.

In order to reconcile and conform the TCHRA with federal anti-discrimination and retaliation laws under Title VII, we conclude we must follow *Bostock* and read the TCHRA's prohibition on discrimination "because of . . . sex" as prohibiting discrimination based on an individual's status as a homosexual or transgender person. *See Bostock*, 140 S. Ct. at 1738–43; *Chatha*, 381 S.W.3d at 504–05. In light of *Bostock*, Sims' claims are now properly brought under the TCHRA. *See Bostock*, 140 S. Ct. at 1738–43; *Chatha*, 381 S.W.3d at 504–05. Sims' remedy under the TCHRA forecloses relief under the more general Whistleblower Act. *See City of Waco*, 259 S.W.3d at 154. Thus, to the extent TCCD argues Sims was not entitled to relief under the Whistleblower Act, we sustain TCCD's first issue in part.

However, where the pleadings do not allege sufficient facts to demonstrate affirmatively the trial court's jurisdiction but do not affirmatively demonstrate an incurable jurisdictional defect, the issue is one of pleading sufficiency, and the plaintiffs should be given an opportunity to amend. *Miranda*, 133 S.W.3d at 226–27. TCCD does not dispute that Sims' claims come under the TCHRA. Here, Sims alleged she was discharged because of her sexual orientation, but she incorrectly characterized her claim as a claim under the Whistleblower Act. After *Bostock*, it is clear that Sims' claim must be brought under the TCHRA. We therefore remand in order to give Sims an opportunity to amend her pleadings. *See Miranda*, 133 S.W.3d at 226–27. To the extent TCCD argues in its first issue that Sims' claims should be dismissed, we overrule TCCD's first issue in part.

As to Sims' constitutional claims, TCCD argues Sims has failed to sufficiently plead a constitutional claim against TCCD. Specifically, TCCD argues Sims has failed to allege any protected property interest upon which her due process claim can be based, she has failed to allege that she was treated differently than similarly situated TCCD employees investigated and found guilty of violating TCCD policy, and her allegation that she was terminated for pretextual reasons is "simply not enough to invoke TCCD's waiver of immunity." TCCD did not raise these arguments in its plea to the jurisdiction or its supplement to the plea to the jurisdiction, and it did not make these arguments at the hearing on its plea to the jurisdiction.

–10–

TCCD acknowledges the Texas Constitution authorizes suits against political subdivisions for equitable or injunctive relief for violations of the Texas Bill of Rights. *See City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148–49 (Tex. 1995) (citing TEX. CONST. art. I, § 29); *City of Houston v. Downstream Envtl., L.L.C.*, 444 S.W.3d 24, 38 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). The guarantees found in the Bill of Rights are excepted from the general powers of government; the State has no power to commit acts contrary to the guarantees found in the Bill of Rights. TEX. CONST. art. I, § 29; *Bouillion*, 896 S.W.2d at 148. To avoid dismissal on a plea to the jurisdiction, a plaintiff must establish the existence of a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770–71 (Tex. 2018).

Here, as already discussed, Sims' pleadings alleged she was retaliated against and discriminated against based on her sexual orientation in violation of the Texas Constitution. Sims sought monetary relief in her claim for damages. There is no implied right of action to recover money damages for violation of the due-course-of-law provision in the Texas Bill of Rights. *Downstream Envtl.*, 444 S.W.3d at 40. However, as to her constitutional claims, Sims requested a "declaration that [TCCD] violated [Sims'] right under the Texas Constitution and City of Fort Worth ordinance to be free from discrimination on the basis of her sexual orientation" and "an injunction against [TCCD] to prohibit discrimination against [Sims] and other

–11–

homosexual employees because of their sexual orientation." Thus, Sims' constitutional claims did not seek monetary damages; instead, Sims' constitutional claims sought the kind of equitable and injunctive relief authorized under the Texas Constitution for violations of the Texas Bill of Rights. *See Bouillion*, 896 S.W.2d at 148–49.

TCCD did not conclusively negate the validity of Sims' constitutional claims. *See Downstream*, 444 S.W.3d at 38–39. Under the facts and circumstances of this case, we conclude Sims' constitutional claims established the existence of a genuine issue of material fact to overcome TCCD's challenge to the trial court's subject matter jurisdiction. *Clark*, 544 S.W.3d at 770–71. We therefore affirm the trial court's denial of TCCD's plea to the jurisdiction regarding Sims' constitutional claims.

Finally, we reject TCCD's argument that Sims has engaged in impermissible "venue shopping" in bringing her claim in Dallas County.[1] We note that venue and jurisdiction are two separate questions. *See, e.g.*, *State v. Pounds*, 525 S.W.2d 547, 550 (Tex. App.—Amarillo 1975, writ ref'd n.r.e.). "Jurisdiction is the power of the court to decide a controversy between parties and to render and enforce a judgment

---

[1] Although Sims' petition alleged she resides in Tarrant County and TCCD's address for service of process is in Fort Worth, Sims filed suit in Dallas County pursuant to section 554.007(b) of the Whistleblower Act. Section 554.007(b) provides that "[a] public employee of a local governmental entity may sue under this chapter in a district court of the county in which the cause of action arises or in a district court of any county in the same geographic area that has established with the county in which the cause of action arises a council of governments or other regional commission under Chapter 391, Local Government Code." TEX. GOV'T CODE ANN. § 554.007(b). Sims' petition alleged Tarrant County and Dallas County are members of the North Texas Council of Governments and venue was therefore proper in Dallas County.

–12–

with respect thereto; venue is the proper place where that power is exercised." *Id.* Here, we consider only the pleadings and evidence relevant to the jurisdictional inquiry. *See Lytle*, 227 S.W.3d at 408. Further, we are not convinced our resolution of this matter would in any way encourage venue shopping in future cases. We overrule TCCD's second issue.

We affirm the trial court's denial of TCCD's plea to the jurisdiction regarding Sims' constitutional claims. Regarding Sims' claims under the Whistleblower Act, we reverse the trial court's order denying TCCD's plea to the jurisdiction, render judgment dismissing Sims' Whistleblower Act claims, and remand for further proceedings consistent with this opinion.

/Craig Smith/
CRAIG SMITH
JUSTICE

Schenck, J., concurring and dissenting.

200351F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

TARRANT COUNTY COLLEGE
DISTRICT, Appellant

No. 05-20-00351-CV     V.

AMANDA SIMS, Appellee

On Appeal from the 116th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-18217.
Opinion delivered by Justice Smith.
Justices Schenck and Garcia
participating.

In accordance with this Court's opinion of this date, the trial court's order denying Tarrant County College District's plea to the jurisdiction on Amanda Sims' constitutional claims is **AFFIRMED**. The trial court's order denying Tarrant County College District's plea to the jurisdiction on Amanda Sims' claims under the Whistleblower Act is **REVERSED**, and we **RENDER** judgment dismissing Amanda Sims' claims under the Whistleblower Act. This cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 10th day of March 2021.