# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2021

Lyle W. Cayce
Clerk

No. 20-20463

Elijah Anthony Olivarez,

*Plaintiff—Appellant*,

*versus*

T-Mobile USA, Incorporated; Broadspire Services,
Incorporated,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:19-CV-4452

Before Smith, Stewart, and Ho, *Circuit Judges*.
James C. Ho, *Circuit Judge*:

We withdraw the court's prior opinion of May 12, 2021 and substitute the following opinion.

Title VII of the Civil Rights Act of 1964 prohibits employers from "discriminat[ing]" against any individual with respect to employment "because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). Under *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020), discrimination on the basis of sexual orientation or gender identity is a form of sex discrimination under Title VII. Accordingly, a plaintiff who alleges transgender discrimination is

entitled to the same benefits—but also subject to the same burdens—as any other plaintiff who claims sex discrimination under Title VII.

Elijah Olivarez alleges transgender discrimination under Title VII. But Olivarez does not allege facts sufficient to support an inference of transgender discrimination—that is, that T-Mobile would have behaved differently toward an employee with a different gender identity. So we are left with this: An employer discharged a sales employee who happens to be transgender—but who took six months of leave, and then sought further leave for the indefinite future. That is not discrimination—that is ordinary business practice. And Olivarez's remaining issues on appeal are likewise meritless. We accordingly affirm.

## I.

Olivarez was employed as a retail store associate for T-Mobile from approximately December 21, 2015 to April 27, 2018.

During the first half of 2016, a supervisor allegedly made demeaning and inappropriate comments about Olivarez's transgender status. Second Amended Complaint, ¶¶ 7–8. Olivarez filed a complaint with human resources. *Id.* at ¶8. In response, T-Mobile allegedly retaliated by reducing Olivarez's hours to part-time from September to November 2016. *Id.* at ¶ 9.

In September 2017, Olivarez stopped coming to work in order to undergo egg preservation and a hysterectomy. *Id.* at ¶ 10. The next month, Olivarez requested leave to be applied retroactively from September to December 2017. *Id.* Broadspire Services administers T-Mobile's leave programs. *Id.* It granted Olivarez unpaid leave from September 23 to December 17, and paid medical leave from December 17 to December 31. *Id.* at ¶¶ 11, 13. In addition, the company granted Olivarez's request for an extension of leave through February 18, 2018. *Id.* at ¶ 14. But it denied a further extension of leave in March 2018. *Id.* at ¶ 15–16.

T-Mobile fired Olivarez on April 27, 2018. The Equal Employment Opportunity Commission issued a right-to-sue letter to Olivarez on August 15, 2019.

On November 12, 2019, Olivarez filed suit against T-Mobile and Broadspire. The first complaint asserted (1) interference, discrimination, and retaliation under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, (2) discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and (3) discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*

The district court granted Olivarez's motion to amend the complaint on November 22, 2019, and Olivarez filed a First Amended Complaint the same day. The amended complaint asserted the same claims and allegations.

On February 13, 2020, the district court entered a scheduling order pursuant to Federal Rule of Civil Procedure 16. That order set a deadline of March 13 to amend pleadings "with leave of court." Both T-Mobile and Broadspire moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Olivarez opposed both motions and asserted the right to further amend the complaint under Federal Rule of Civil Procedure 15(a).

On March 27, 2020, the district court denied T-Mobile's and Broadspire's motions without prejudice and allowed Olivarez to further amend the complaint by April 17. The district court expressly stated that Olivarez's pleadings were deficient and granted leave to amend the complaint "so that it is responsive to the issues raised by the Moving Defendants' motions to dismiss."

Olivarez filed a Second Amended Complaint on April 16, 2020. As relevant to this appeal, that complaint presented the same facts and claims. On April 30, T-Mobile and Broadspire moved to dismiss under Rule 12(b)(6).

Olivarez opposed these motions, but did not request leave to further amend the complaint.

The district court granted both motions to dismiss. The court dismissed the Title VII discrimination claim on the ground that the Second Amended Complaint failed to allege that Olivarez was treated less favorably than similarly situated employees outside Olivarez's protected class. The court dismissed the ADA discrimination claim because the Second Amended Complaint did not allege sufficient facts to show Olivarez was disabled.

Olivarez filed a motion for reconsideration of the final judgment pursuant to Federal Rule of Civil Procedure 59(e) and a motion to further amend the complaint under Rule 15(a). The district court denied both motions. The district court's order did not discuss the reasons for denying reconsideration, but it stated that it denied the motion to amend pursuant to Rule 16(b). Olivarez timely appealed, but raises only the Title VII and ADA claims.

We "review the grant of a motion to dismiss under Rule 12(b)(6) de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff[]." *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018) (quotation omitted). Rule 12(b)(6) governs dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And "[a] complaint survives a motion to dismiss only if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Meador*, 911 F.3d at 264 (quotation omitted).

## II.

At the Rule 12(b)(6) stage, our analysis of the Title VII claim is governed by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)—and not the evidentiary standard set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under *Swierkiewicz*, we have explained, "there are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII:  (1) an adverse employment action, (2) taken against a plaintiff *because of* her protected status."  *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (quotations omitted) (citing *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)).

But "[a]lthough [a plaintiff does] not have to submit evidence to establish a prima facie case of discrimination [under *McDonnell Douglas*] at this stage, he [must] plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible."  *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 470 (5th Cir. 2016).  And when a plaintiff's Title VII disparate treatment discrimination claim depends on circumstantial evidence, as Olivarez's does, the plaintiff "will 'ultimately have to show' that he can satisfy the *McDonnell Douglas* framework."  *Cicalese*, 924 F.3d at 767 (quoting *Chhim*, 836 F.3d at 470).  "In such cases, we have said that it can be 'helpful to reference' that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of the disparate treatment claim."  *Id.* (quoting *Chhim*, 836 F.3d at 470).

Under *McDonnell Douglas*, a plaintiff must establish a prima facie case of discrimination.  411 U.S. at 802.  Specifically, a plaintiff must allege facts sufficient to support a finding "that he was treated less favorably than others *outside of his protected class*."  *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017).

Accordingly, when a complaint purports to allege a case of circumstantial evidence of discrimination, it may be helpful to refer to *McDonnell Douglas* to understand whether a plaintiff has sufficiently pleaded

an adverse employment action taken "*because of*" his protected status as required under *Swierkiewicz*. *Cicalese*, 924 F.3d at 767 (quotation omitted).

Applying these principles here, there is no dispute that Olivarez suffered an adverse employment action. However, Olivarez has failed to plead any facts indicating less favorable treatment than others "similarly situated" outside of the asserted protected class. *See id.* In fact, the Second Amended Complaint does not contain any facts about any comparators at all. The complaint simply indicates that Olivarez took six months of leave from September 2017 to February 2018—including an extension granted by T-Mobile and Broadspire—and that when Olivarez requested additional leave in March 2018, T-Mobile denied the request and terminated Olivarez's employment in April 2018.

Notably, there is no allegation that any non-transgender employee with a similar job and supervisor and who engaged in the same conduct as Olivarez received more favorable treatment. And comparator allegations aside, the complaint presents no other facts sufficient to "nudge[] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547. In sum, the complaint does not plead any facts that would permit a reasonable inference that T-Mobile terminated Olivarez because of gender identity.

Olivarez's ADA discrimination claim fails for similar reasons. A claim of discrimination under the ADA requires a plaintiff to allege a disability, that he was qualified for his position, and that he suffered an adverse employment action because of his disability. *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 245 (5th Cir. 2013). Olivarez failed to sufficiently allege an adverse employment action *because of* disability. *See id.* At most, Olivarez made a conclusory allegation that T-Mobile and Broadspire "discriminated against [Olivarez] based on [a] disability." But the Rule 8 pleading standard demands more than conclusory statements. *Iqbal*, 556 U.S. at 678. "A complaint survives a motion to dismiss only if it pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Meador*, 911 F.3d at 264 (quotation omitted).

Finally, as for retaliation under Title VII, the claim is untimely. Title VII requires a plaintiff to file an administrative charge no later than 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Olivarez alleges retaliation for complaining about a supervisor's demeaning and inappropriate comments in 2016, but did not file an administrative charge until 2018. As a result, the retaliation claim is untimely—a contention Olivarez does not dispute on appeal. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 746 (5th Cir. 1987) (explaining that, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed).

## III.

According to Olivarez, the district court should have reconsidered its decision to dismiss the gender discrimination claims under Federal Rule of Civil Procedure 59(e). Rule 59(e) allows a party to seek to alter or amend a judgment "when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). As a result, "[w]e review the denial of a Rule 59(e) motion only for abuse of discretion." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

Olivarez contends that, after the district court granted the motions to dismiss, *Bostock* changed the law and created a lower standard for those alleging discrimination based on gender identity. T-Mobile and Broadspire argue that *Bostock* did no such thing.

We agree with T-Mobile and Broadspire. *Bostock* defined sex discrimination to encompass sexual orientation and gender identity

discrimination. But it did not alter the meaning of discrimination itself. At the pleading stage, a Title VII plaintiff must plead sufficient facts to make it plausible that he was discriminated against "*because of*" his protected status. *Cicalese*, 924 F.3d at 767 (quotation omitted). At the summary judgment stage, when the claim relies on circumstantial evidence, a Title VII plaintiff must identify a more favorably treated comparator in order to establish discrimination. *Bostock* does not alter either of those standards.

To the contrary, *Bostock* expressly reaffirms these principles. It states that "[a]n employer who fires an individual for being homosexual or transgender fires that person for traits or actions it would not have questioned in members of a different sex." 140 S. Ct. at 1737. Moreover, *Bostock* employs various hypothetical comparators to support its analysis. *See*, *e.g.*, *id.* at 1741 ("Consider . . . an employer with two employees, both of whom are attracted to men. The two individuals are, to the employer's mind, materially identical in all respects, except that one is a man and the other a woman. If the employer fires the male employee for no reason other than the fact he is attracted to men, the employer discriminates against him for traits or actions it tolerates in his female colleague.").

Accordingly, there is no intervening change of law that warrants reconsideration under Rule 59(e).[1]

## IV.

Finally, Olivarez argues that the district court abused its discretion in denying leave to amend the complaint, because the good cause standard under Federal Rule of Civil Procedure 16(b) does not apply here.

---

[1] Olivarez also argues that the district court erred in refusing to reconsider the dismissal of the ADA claim. However, in the motion for reconsideration, Olivarez only argued for reconsideration of the Title VII discrimination claim. "This court will not consider arguments first raised on appeal." *Estate of Duncan v. Comm'r of Internal Revenue*, 890 F.3d 192, 202 (5th Cir. 2018). Olivarez has therefore forfeited this argument.

"We review for abuse of discretion the district court's denial of leave to amend." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). "A district court possesses broad discretion in its decision whether to permit amended complaints." *Crostley v. Lamar Cnty.*, 717 F.3d 410, 420 (5th Cir. 2013).

We have "ma[d]e clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters.*, 315 F.3d at 536. A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The good cause standard requires a showing by the movant that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters.*, 315 F.3d at 535 (quotation omitted). It is "[o]nly upon the movant's demonstration of good cause to modify the scheduling order [that] the more liberal standard of Rule 15(a) appl[ies] to the district court's decision to grant or deny leave." *Id.* at 536.

The district court's scheduling order set a deadline of March 13, 2020 for amendments with leave of court. Olivarez requested leave to amend the First Amended Complaint on February 12, 2020. After denying the defendants' initial motions to dismiss, the court allowed Olivarez to file a Second Amended Complaint on April 16, 2020. The court then granted the defendants' second motions to dismiss on April 30, 2020.

Olivarez filed a motion to submit a Third Amended Complaint on July 7, 2020—well after the court's March 13 deadline. Accordingly, the district court was correct to apply the good cause standard of Rule 16(b). *Id.* And Olivarez failed to meet that standard. There is no explanation for the five-month delay before pleading the facts and allegations in the Third Amended Complaint. Nor is there any suggestion that any of those facts were unavailable when filing the previous three complaints. Nor did Olivarez request an opportunity to replead in response to the second motion to dismiss. In sum, there is no good cause here to justify further amendment to

the complaint. The district court accordingly did not abuse its discretion in denying further leave to amend.[2]

\* \* \*

"Title VII protects every American, regardless of sexual orientation or transgender status. It simply requires proof of sex discrimination." *Wittmer v. Phillips 66 Co.*, 915 F.3d 328, 340 (5th Cir. 2019) (Ho, J., concurring). That was true before *Bostock*, and it remains true after *Bostock*. Under *Bostock*, transgender discrimination is a form of sex discrimination under Title VII. But a plaintiff claiming transgender discrimination under *Bostock* must plead and prove just that—discrimination. We affirm.

---

[2] Separate and apart from Rule 16(b), there is also the matter of Rule 15(a). Under Rule 15(a), a district court may deny leave to amend when there has been "undue delay" or "repeated failure to cure deficiencies by amendments previously allowed." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quotations omitted). The district court here noted Olivarez "previously filed two amended complaints." Olivarez failed to cure the defects in those complaints despite notice from both the district court and the defendants. *See Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002) (explaining that, where the plaintiffs had "already filed an original complaint and two amended complaints, each alleging [similar] claims," they had been "given ample opportunity to plead their statutory claims," and therefore it was not an abuse of discretion to deny leave to amend further). Denial was therefore proper under Rule 15(a) as well as Rule 16(b).